Points Decided.

---

(December 15, 1921.)

# OREGON–WASHINGTON RAILROAD & NAVIGATION COMPANY, a Corporation, Respondent, v. FRANCES SLOCOMB CAMPBELL and JAMES CAMPBELL, Her Husband, and the UNKNOWN HEIRS OF MARY F. SLOCOMB, Deceased, Appellants.

[202 Pac. 1065.]

EMINENT DOMAIN — DAMAGES — VALUE OF LAND TAKEN — VIEW · OF PREMISES—DISCRETION OF COURT.

1. Damages for injury to land not taken caused by construction outside of land of defendants cannot be considered by jury in condemnation suit.

2. Compensation for land taken and damages to land not taken must be computed as of date of issuance of summons, and all damages to the land not taken not reasonably to have been anticipated on that date from a proper construction of the railroad on appellants' land are properly excluded.

3. Testimony of a land owner as to offers to purchase that he may have received for the land in controversy are not admissible to establish the market value of such land. Market value of land taken is the measure of compensation therefor.

4. A view of the premises in controversy by the jury in a condemnation suit is a matter for the exercise of the sound discretion of the trial court, and its action in such matter will be sustained in the absence of a showing of clear abuse of such discretion.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. W. W. Woods, Judge.

Action to condemn a right of way. Defendants appeal. *Affirmed.*

---

Publisher's Note.

3. Offer to purchase by third person as evidence of value of property taken in eminent domain proceedings, see note in 5 **Ann. Cas.** 971.

4. On discretion of the court as to view by jury generally, see notes in 18 **Ann. Cas.** 571; 42 **L. R. A.** 372.

H. J. Hull and Suppiger & Ogden, for Appellants.

Where only a part of a tract is taken, the measure of damage is the injury done to the fair market value of the entire tract by the taking. (15 Cyc. 687–689; Nichols on Eminent Domain, 2d ed., 237.)

A view should not be granted when it appears that material physical changes have occurred in the character of the premises between the time the cause of action arose and the time of trial. (38 Cyc. 1313; *Stewart v. Cincinnati, W. & M. Ry. Co.,* 89 Mich. 315, 50 N. W. 852, 17 L. R. A. 539; *Broyles v. Prisock,* 97 Ga. 643, 25 S. E. 389; *Henderson etc. Gravel Road Co. v. Cosby,* 103 Ky. 182, 44 S. W. 639.)

The effect of the entire work or improvement ought to be considered, and not merely that portion thereof which is on the part taken. (Lewis, Eminent Domain, 3d ed., sec. 750; *Chicago, etc. R. R. Co. v. Van Cleave,* 52 Kan. 665, 33 Pac. 472; *Shealy v. Chicago etc. R. R. Co.,* 77 Wis. 653, 46 N. W. 887; *Wichita etc. R. R. Co. v. Fechheimer,* 49 Kan. 643, 31 Pac. 127.)

If land is taken under exercise of eminent domain and injury results to riparian rights of the owner of the land, such injury forms an element of damage and must be paid for. (*Burden v. Stein,* 27 Ala. 104, 62 Am. Dec. 758; *Organ v. Memphis etc. R. Co.,* 51 Ark. 235, 11 S. W. 96; *Trenton Water Power Co. v. Raff,* 36 N. J. L. 335; *Bridgeman v. Hardwick,* 67 Vt. 653, 32 Atl. 502; *Cott v. Lewiston R. Co.,* 36 N. Y. 214.)

A. C. Spencer, Hamblen & Gilbert and Jas. A. Wayne, for Respondent.

"Where the statute is, that whenever in the opinion of the court it is proper for the jury to view the premises, it may so order, it is left to the discretion of the court, and its action will not be interfered with unless a very clear case of abuse is made out." (2 Lewis on Eminent Domain, 3d ed., sec. 643.)

If there were any liability on the part of the railroad company, such liability could and should be fixed and damage assessed when the injury takes place rather than to permit a jury to speculate upon what might possibly happen under a state of facts which does not exist at that time. (1 Lewis on Eminent Domain, 3d ed., 1448; *Staton v. Norfolk & Carolina R. Co.,* 111 N. C. 278, 16 S. E. 181, 17 L. R. A. 838; *Parker v. Norfolk & Carolina R. Co.,* 123 N. C. 71, 31 S. E. 381.)

DUNN, J.—This action was brought by respondent to condemn a right of way for its Pine Creek branch over 120 acres of land belonging to appellants. On application of respondent commissioners were appointed by the district court of Shoshone county to determine and assess the damages that defendants would sustain by reason of the condemnation and appropriation of the property described in the complaint, which commissioners awarded appellants $600 for the land taken for right of way and $250 as damages to the land not taken. Appellants refused to accept the award of the commissioners and respondent paid the amount into court and proceeded to construct its railroad through appellants' land. Some time after the construction of the railroad the case came on for trial in the district court. After the jury had been empaneled and sworn to try the cause respondent requested the court to permit the jury to view the land in controversy, to which appellants objected. The court overruled the objection and the jury, after going over the land and hearing the testimony of the witnesses, rendered a verdict awarding appellants $350 as the value of the land taken for right of way, but allowing nothing as damages to the land not taken. Judgment was entered accordingly.

Appellants moved for a new trial, which was denied, and appeal was taken from the judgment and from the order denying a new trial.

Appellants contend that the verdict should be set aside because no damages were awarded for injury to the land

not taken. This question was properly submitted to the jury and, while the testimony as to the absence of damage to the remaining land might be stronger, it is sufficient to sustain the finding of the jury that the remainder of the land was not damaged by the taking of the right of way. It should further be borne in mind that the jury saw the land and that they had a right to consider their view of it in connection with the evidence submitted.

It is also contended by appellants that the court erred in ordering the jury to view the premises for the reason that the railroad had already been constructed across the land and the appearance thereof thereby materially altered. This was a matter entirely within the sound discretion of the court, and there being nothing in the record to show that this discretion was abused, the action of the trial court in this regard must be sustained.

Appellants complain of the action of the court in rejecting their offer to prove certain damages to the land not taken by reason of the construction of the railroad outside of the land of appellants which resulted in turning the water of Pine Creek through their land and carrying certain poisonous matter into a fresh water stream on their remaining land. Under section 7414, C. S., the jury was required to ascertain and assess the damages accruing "to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff." C. S., sec. 7415, provides that "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value, at that date, shall be the measure of compensation for all property to be actually taken, and the basis of damages to the property not actually taken, but injuriously affected, in all cases where such damages are allowed, as provided in the last section."

The damages thus complained of were occasioned by construction of the railroad on land outside of the tract owned

by appellants and did not in any way result from the taking of appellant's land. Besides, they accrued long after the date of the issuance of summons and were not damages which, at that date, could have been anticipated as a result of the construction of respondent's railroad, and therefore were not deemed by law to have accrued at that date. (2 Lewis, Eminent Domain, 3d ed., sec. 822; *Keller v. Miller,* 63 Colo. 304, 165 Pac. 774.) If respondent was liable for such damages, they could be recovered only in a separate action.

In support of their contention as to the value of the land taken for right of way appellants attempted to prove a certain offer to rent the land from which the right of way was taken and also an offer to purchase said land. The objection to this testimony was sustained, which ruling appellants now assign as error. While some courts have admitted as tending to show market value of property *bona fide* offers to purchase, we think the great weight of authority, as well as of reason, is against the admissibility of such testimony. (2 Lewis, Eminent Domain, 3d ed., sec. 666; *Sharp v. United States,* 191 U. S. 341, 342, 24 Sup. Ct. 114, 48 L. ed. 211.) C. S., sec. 7415, provides that its actual value at the date of the summons shall be the measure of compensation for the land actually taken. Ordinarily, in determining the market value of property to be taken the court would come as nearly as practicable to the actual value thereof, and this court has adopted the market value as the measure of compensation in such cases. (*Idaho etc. Ry. Co. v. Columbia etc. Synod,* 20 Ida. 568, 119 Pac. 60, 38 L. R. A., N. S., 497; *Portneuf-Marsh etc. Co. v. Portneuf Irr. Co.,* 19 Ida. 483, 114 Pac. 19. See, also, 2 Lewis, Eminent Domain, 3d ed., sec. 706.)

The motion for a new trial was based practically on the errors to which we have referred, and the court did not err in overruling it.

Judgment affirmed, costs to be paid by respondent.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.