[Civ. No. 7631. First Appellate District, Division Two.—November 4, 1931.]

COAST COUNTIES GAS & ELECTRIC COMPANY (a Corporation), Respondent, v. MILLER & LUX INCORPORATED (a Corporation) et al., Appellants.

A. M. Runnels and Rea & Caldwell for Appellants.

Rittenhouse & Snyder, Bert B. Snyder, Thomas E. O'Donnell, Eugene D. Bennett and Pillsbury, Madison & Sutro for Respondent.

SPENCE, J.—Plaintiff, a public utility corporation, recovered judgment condemning a right of way for a gas pipe-line across two parcels of farming and grazing land owned by defendants. Defendants appeal from the judgment.

The only issue in the trial court was the amount of compensation to which defendants were entitled. The two parcels may be referred to as the Ayer property and the Thomas property as the interest of the other defendants in said parcels has no bearing upon the questions raised on this appeal. The easement consisted of the right to maintain upon a strip of land 16½ feet in width and 3901 feet in length, a steel pipe 10¾ inches in outside diameter, wrapped and buried under ground at a minimum depth of 36 inches where the land was cultivated, otherwise 24 inches, and the right during the period of construction to pass to and fro over an additional contiguous strip of land 20 feet in width. The plaintiff corporation was not permitted to fence or otherwise inclose any part of the right of way and the use and enjoyment of the strip for any purpose not inconsistent with the maintenance of the pipe-line was reserved to defendants. The area of the strip amounted to .54 of an acre over the Ayer property and .93 of an acre over the Thomas property. Defendants' own witness testified that the full value of the strip of land on the Ayer property was $216 and on the Thomas property was $198. The evidence showed that it would not require over two or three weeks to construct and lay the pipe and that the plaintiff corporation would seldom, if ever, have any occasion to pass over or use the right of way after the pipe was laid. Plaintiff introduced evidence to show that the use of this strip for the purposes of the pipe-line would make no difference in the use or value of the strip to the land owner and would not result in any damage to the balance of the land. Defendants introduced evidence by which they sought to establish severance damage. The jury, however, found that the value of the easement over the Ayer property was $87 and that the value of the easement over the Thomas property was $150. It further found that there was no severance damage to either parcel.

Appellants do not question the sufficiency of the evidence to sustain the jury's findings, but contend that the trial court

erred in excluding certain evidence offered by appellants. It is claimed that the trial court erred in sustaining respondents' objections to certain questions asked of the witness Pease, but we find no error in these rulings. Appellants sought to elicit the opinion of this witness with respect to the market value of a portion of the Thomas property consisting of several acres at the corner, which portion this witness had declared to be suitable for a service station site. It is well settled that where a witness is asked to give his opinion on the subject of value a proper foundation for the introduction of his opinion must be laid by showing his qualifications. (10 Cal. Jur. 1021.) It is likewise fundamental that the question of whether a witness has been shown to be qualified to express his opinion is one largely within the discretion of the trial court and its ruling will not be disturbed unless a clear abuse of discretion appears. (10 Cal. Jur. 963; *Vallejo & N. R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, 547 [147 Pac. 238].) No abuse of discretion is shown in the present case. Although this witness had testified that he was engaged in the selection and leasing of sites for service stations for the Associated Oil Company, he had not had any experience in locating service stations on agricultural land. There was but one station of the 52 in his district which was so located, but it did not appear that he had participated in the selection, leasing or purchase of this site. In any event, the site referred to was in another county and more than 50 miles distant from the property in question and there was no testimony offered to show that the witness had any experience with any sales of land in the vicinity which would qualify him to give his opinion. It is further claimed that the trial court erred in its rulings upon the testimony of the witnesses Geusenhoff and Clayton. It was through these and other witnesses that appellant sought to establish the alleged severance damage. Here again we find no abuse of the trial court's discretion in ruling against the opinions of these witnesses on the amount of the severance damage as the evidence failed to show that these witnesses had any sufficient experience based upon sales of land with similar easements to qualify them as experts on the amount of such damage, if any. Furthermore, it appears from the testimony that the witnesses were basing their

opinions upon remote possibilities of damage which were highly speculative and conjectural. The elements mentioned by the witnesses were the possibility of damage to crops upon the remaining land in the event that respondent's employees wrongfully trespassed thereon; the possibility of fires resulting from carelessness on the part of said employees; the possibility of escaping gas and possible fire which might result from a break in the pipe caused by earthquake, lightning or a bullet from a high-power rifle penetrating the ground and piercing the pipe; the possibility of interference with irrigation pipes, although no such irrigation pipes had been used and appellants' witness admitted that no great difficulty would be encountered in the event that appellants desired to lay such pipes; the possibility that damage might result from the flow of the streams in the event that respondent cut the banks of said streams rather than boring thereunder although it did not appear that it was anticipated or necessary to cut such banks; and the possibility that some prospective buyers might be prejudiced against easements of any kind, although numerous witnesses owning property in the vicinity testified that neither the use nor value of their land was affected by similar easements. The rule is that severance damage must be based upon some real physical disturbance of a property right which naturally tends to and actually does decrease the market value and that mere fears of remote or contingent possibilities of damage are not sufficient. (*Eachus* v. *Los Angeles Consol. Elec. Ry. Co.*, 103 Cal. 614 [42 Am. St. Rep. 149, 37 Pac. 750]; *Illinois Power & Light Corp.* v. *Peterson*, 322 Ill. 342 [49 A. L. R. 692, 153 N. E. 577]; *Illinois Power & Light Corp* v. *Cooper*, 322 Ill. 11 [152 N. E. 491]; *Alabama Power Co.* v. *Keystone Lime Co.*, 191 Ala. 58 [67 South. 833]; *Central Georgia Power Co.* v. *Mays*, 137 Ga. 120 [72 S. E. 900]; *Yazoo & M. V. R. Co.* v. *Jennings*, 90 Miss. 93 [122 Am. St. Rep. 312, 43 South. 469].) As was said in *Illinois Power & Light Co.* v. *Peterson, supra,* "Since damages are recoverable only where there is a physical disturbance of a right of property, the fear of a remote and contingent injury which may possibly occur, but the happening of which is altogether speculative and uncertain, is not regarded by the law as an element entering into the damages which may be allowed to the owner. The damage must be

direct and proximate and not as is merely possible or may be conceived by the imagination.''

Under the heading ''Attitude of the Lower Court During the Trial'', appellants discuss the participation of the trial judge in the examination of witnesses and also discuss the action of the trial court in giving, refusing and modifying certain instructions to the jury. An examination of the evidence convinces us that appellants were not prejudiced by the attitude of the trial judge in examining the witnesses nor by any of his remarks and an examination of the charge to the jury shows that it was fully and fairly instructed upon the law applicable to the case.

A review of the entire proceedings shows that appellants were attempting to recover large sums by way of severance damages based upon alleged elements of damage which were fanciful rather than real. It did not appear that the right granted to respondent to maintain a properly guarded gas pipe well below the surface of the ground would have any appreciable effect upon the use or value of appellants' land. Although the trial court admitted a large amount of evidence offered by appellants in an endeavor to show possible severance damage and permitted the appellants' witness Read to give his opinion on the amount of severance damage, the jury found under proper instructions against appellants' claims. There is abundant evidence to support the jury's findings and the record is free from any prejudicial error.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.