[Civ. No. 4754. Third Appellate District.—March 24, 1933.]

THE PEOPLE, Respondent, v. G. GIANNI, Appellant.

Harry A. Encell, Cedric W. Peterson and K. D. Robinson for Appellant.

Hugh K. McKevitt for Respondent.

PARKER, J., *pro tem.*—This is an action in eminent domain. The state seeks to take a small portion of appellant's land. The area of the portion sought is .21 of an acre. This small portion forms a part of a larger tract owned by appellant and of a total area of approximately sixty-three acres. Judgment and final order of condemnation was entered and the value of the property taken was fixed at $10.50 and the court found and decreed that the damage accruing to the balance of the land by reason of the portion taken was and is the sum of no dollars. The appeal is prosecuted by defendant Gianni.

Neither the regularity of the proceeding nor the authority for its institution is questioned. No complaint is made concerning the value of the land taken. The sole point of the appeal is on the question of damage resulting to the remaining portion.

There is little dispute on the facts. As stated, appellant is the owner of a sixty-three acre tract. This tract had a highway frontage of some nineteen hundred feet and on the frontage had been maintained certain business establishments. This frontage on a main highway gave to the entire area a market value which otherwise it would not have. The plaintiff state, acting through its authorized department, determined upon a relocation of the main highway. The plan adopted was to route travel over a new road though the former road was neither closed nor abandoned. The new highway left the lands of defendant with no frontage thereon and did lessen the rental value of his premises and beyond question diminished the value of his remaining area. There seems no dispute on this. The area taken, one-fifth of an acre, was taken for the use of the new highway and as a necessary part thereof.

Without detailing the testimony, it is conceded that the damage claimed arises wholly by reason of the change of location of the highway. No other claim of damage is urged. This may state the question with slight inaccuracy, but as

the exact situation will develop itself the general statement suffices the present.

Defendant concedes that if the state had moved the location of the highway, that alone would give him no cause of action for damage, regardless of what the consequences might be. But, he argues, when there is a *taking* of any of the parcel, however small, then the damage following from the removal or relocation of the highway becomes compensable. Stated differently, if the state had gone two yards or two miles entirely off the property of defendant, though exactly the same damage as here alleged might result, no damage could be awarded. But because in relocating the highway the state took one-fifth of an acre from a corner of the tract then defendant must be compensated not only for the land taken but also for all of the damage resulting from the relocation. At first blush it would appear that the problem solves itself. Yet appellant in an exhaustive and well-reasoned brief has brought out the question with bolder relief and the many sides presented force a controversy in reaching any logical determination. The exact question seems to have escaped capture, due perhaps to the fact that it has to this time concealed itself among the yet unhappened.

There are certain well-recognized principles underlying the rule of eminent domain. First, that the right of property of the individual should and must yield to the necessity of the sovereign state; second, that the rights of the citizen should not be taken without just compensation. On the first there has never been any serious contention; this principle is almost universally conceded and with no difficulty in its application. On the second, too, we find little dissension on the principle but in the application thereof we meet a wide divergence of views. The Constitution of this state provides that private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for the owner. (Const., art. I, sec. 14.) Section 1248 of the Code of Civil Procedure provides that, in eminent domain proceedings, where the property sought to be condemned constitutes only a part of a larger parcel, the court must ascertain and assess the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion

sought to be condemned, and the construction of the improvement in the manner proposed by plaintiff. These provisions of law have been often construed; it would serve no useful purpose to review and analyze the cases as the result would be to bring us back to the exact starting point, namely, the sections quoted, constitutional and statutory.

The authorities seem in accord to the effect that an owner shall be compensated for all damage sustained. Almost every conceivable situation has presented itself in the cases cited, both in California and other jurisdictions. But the authorities cited and those we have discovered do not squarely embrace the point before us. We might concede the claim that a test of damage is the value of the property before the taking and its value thereafter. But this test is not conclusive. By way of illustration, it cannot be denied that in a vast majority of cases a development of new territory reacts to the damage of established districts. Almost every large city demonstrates a decrease in realty values consequent upon a branching out of business and population. To apply the test of values, before and after, in those cases would be beyond any notion of law or reason. (*Wolff* v. *City of Los Angeles*, 49 Cal. App. 400 [193 Pac. 862, 863].)

The code section quoted specifically relates that the severance damages to be awarded are such as will accrue to the portion not condemned, *by reason of* its severance and *by reason of* the construction of the improvement, etc. It is not a strained or forced construction to hold that the section implies at least some slight but direct connection between the claimed damage and either the severance or the construction of the improvement. In lieu of citation we quote from appellant's reply brief as follows: "We would have no quarrel with those cases (cited by respondent) if they were cited to support a case involving the relocation of a highway without taking any private property. Truly, the State must have the right to change its highways to accord with public demand and convenience. And if it is merely and solely a proposition of changing a highway *without the taking of private property* we would have to yield to the contentions of the respondent." This concession is forced by the authorities.

Whatever of apparent hardships there may be in particular cases where roads have been created for public use

when the country was new, as in this state, and for the temporary convenience of a sparsely settled country, a greater hardship would be entailed upon the public if these roads could not now be vacated or changed to meet the present situation without compensating those whose premises may abut thereon for the loss or inconvenience they may sustain, as, if that were the rule none would consent to the change, and the added burden would be an embargo upon the creation of new and desirable roads. (*Levee Dist. No. 9 v. Farmer*, 101 Cal. 178 [35 Pac. 569, 23 L. R. A. 388].) To the same effect: *Eachus* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 614 [37 Pac. 750, 42 Am. St. Rep. 149]; *Wolff* v. *City of Los Angeles, supra; In re Mt. Washington Road Co.*, 35 N. H. 134. In the case of *Wolff* v. *City of Los Angeles, supra*, the court, in construing the constitutional provision, and with particular reference to the term "damaged" uses this language:

"We do not intend to say, nor do we think, it extends to such damage as the owner of the property injured sustains in common with other abutters on the street, or the general public, but only to that special injury which he receives over and above such common injury." (Citing *Reardon* v. *San Francisco*, 66 Cal. 492 [6 Pac. 317, 56 Am. Rep. 109].)

The phrase "over and above such common injury" has much significance. It concedes to all a certain damage, a *damnum absque injuria*. It implies that there may be cases where the removal or relocation may work some special damage not common to other abutting owners or the general public, in which event compensation shall be made. But, obviously, the nature of special damage does not mean individual damage. If it should or could be so construed the result would destroy the principle.

No matter how we shape the facts in the instant case, the claim of damage rests wholly upon the relocation or removal of the highway. All that defendant suffers from the taking is the small area taken, for which he is compensated. His concession, hereinbefore noted, practically controls the case. This one result is unescapable. The injury causing the claimed damage is the change of route. This damage results regardless of whether or not the small portion of land is taken. Given an injury the damage from which is neither lessened nor aggravated by the taking, we

must conclude the taking causes no damage. Damage, in its very essence, is always a result and under the law herein discussed such result must flow from one or both of two things, namely, from the severance of the part taken or from the construction of the improvement. There is admittedly no damage from severance and the mere change of route in itself does not make the character or the construction of the improvement a private injury. Needless to state, we disregard the value of the property taken, in view of the fact that no question is raised on this feature of the suit.

We are appreciative of the earnestness of appellant's contention and of the fact that much authority and many learned text-writers on the subject seem to support his theory. Yet we conclude that appellant seeks compensation for the loss of something he never had, something in which he had no claim of property right or ownership at any time, that something being the right and privilege, as against the state or anyone else, to perpetuate the highway along and in front of appellant's lands. This is his sole loss and we conclude it to be noncompensable in damages.

The judgment, therefore, is affirmed, appellant to recover costs.

Thompson, J., and Plummer, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 22, 1933.