[Civ. No. 6032.   Third Appellate District.—February 20, 1939.]

THE PEOPLE, Appellant, v. THOMAS E. O'CONNOR et al., Defendants; S. D. ODEN et al., Respondents.

Clarence W. Morris, Lincoln V. Johnson, Clifford D. Good, Holloway Jones and George C. Hadley for Appellant.

Geis & Hogle, Clyde H. Larimer and W. E. Johnson for Respondents.

ROSS, J., *pro tem.*—This is an action in eminent domain by which the plaintiff acquired a strip of land 10 feet in width and running along the front of defendants Oden's property for a distance of 495 feet. The purpose of the taking was the widening of the Pacific highway (U. S. 99 W) in Glenn County. The parcel taken was a little more than one-tenth of an acre. Defendants in their answer placed a value of $500 on this parcel, and asked an additional $4,000 as severance damages. The verdict of the jury assessed the value of the parcel taken at $35, and allowed $1500 severance damages, or a total of $1535, from which the judgment appealed from was rendered.

The entire tract affected comprises about fifteen acres just south of Orland, partly used for fruit trees and partly for clover and alfalfa. A home, built of hollow tile, and immovable, with other improvements (barn, hog-house, chicken-house, garage, granary and milk-house), are on the property. The various witnesses admitted the value of the place as a suburban homesite, as well as for a farm.

Appellant does not attack the part of the judgment awarding the $35 for the parcel taken, but only the award of $1500 severance damages.

The witnesses for respondents placed these severance damages at from $1100 to $4,000, while appellant's witnesses gave amounts for the same at from $200 to $510.

■ The only two points on appeal raised by appellant are that the trial court denied motions to strike all the testimony of two of respondents' valuation witnesses, Barceloux and Smith, the motion being made on the ground that the testimony was based upon speculative, remote and conjectural elements of damage, and that the court sustained an objection to a question asked by appellant on cross-examination of one of respondents' valuation witnesses relative to his knowledge of the assessed valuation of the property.

No claim is made that witnesses Barceloux and Smith were not qualified to give opinions. Both of them, after giving their opinions as to the severance damage, stated that said opinions were based on the fact that the widening of the highway right of way would decrease the distance from the house to the right of way line from 37 to 27 feet; that the lawn and landscaping in front of the house would be adversely affected; that the highway being slightly raised, would be more difficult of access, and ingress and egress to and from the premises would be more difficult; and that the increased closeness of the highway would increase traffic noises and hazards. Appellant moved, as to each of these witnesses, that the entire testimony as to damages, be stricken, "on the ground it is based upon mere conjecture and is speculative".

These elements of damages mentioned by the witnesses are not claimed by respondents as special damages, but are merely the reasons given by the experts for their opinions that the market value of the portion of the tract not taken would be diminished by reason of the taking of the 1/10-acre strip in front. They are not conjectural but actual admitted facts. The house actually is 10 feet closer to the highway right of way; the highway is actually 2½ feet higher than it was before, and the approach to it is actually more steep, and the traffic actually moves over the highway. All of the matters mentioned were proper reasons to be advanced by the experts as bases for their opinions as to value, and the jury could determine what weight to give the opinions in proportion to the weight the reasons had with them.

The cases cited by appellant are not in point. For instance, in *Coast Counties Gas & Electric Co.* v. *Miller & Lux,* 118 Cal. App. 140 [5 Pac. (2d) 34], the conjectural elements

of damage were such matters as the possible trespassing of the employees of the condemning party on adjacent lands, the possible escape of gas from the pipes, the possible future interference with irrigation pipes, etc., i. e., no actualities as in the instant case.

It should be noted that the jury's verdict was well below the opinions of these experts in the instant case and even lower than the values assessed by other witnesses for the respondent, whose testimony was not made the subject of any motion to strike.

█ On cross-examination of Kerr, one of the valuation witnesses for respondent, counsel for appellant asked: "When you valued that land at $400 an acre, Mr. Kerr, for almond acreage, would it have made any difference to you if you had known the same land was assessed per acre on the basis of $50.00 per acre?" An objection that the question was incompetent, irrelevant and immaterial was sustained by the trial court.

Conceding that *Central Pac. Ry. Co.* v. *Feldman,* 152 Cal. 303, p. 310 [92 Pac. 849], has laid down the rule that, "while the assessed value of property is not admissible as original evidence of its market value, a witness who has testified as an expert may properly, on cross-examination, be asked what is his knowledge regarding such assessment, for the purpose of testing the value of his opinion", the sole question along that line asked in the instant case to which an objection was sustained, was not in the exact form approved in the Feldman case. The time of the assessed value of $50 per acre is not mentioned, but it may be inferred that the present was meant. Regardless of that, the ruling of the court was not in any way prejudicial. The question was asked during cross-examination of the witness concerning the value of the parcel of land taken by the highway, and appellant does not complain on this appeal of the verdict or judgment as to the award for that parcel.

The Feldman case, above cited, holds that the knowledge of a valuation witness as to assessed value may properly be asked on cross-examination. It has never been held that the refusal of such evidence by the trial court would be prejudicial error. It is a known fact that assessments made for taxation purposes are variable, and are very little criterion of the

actual market value. The substantial rights of appellant were in no way affected in the instant case by the sustaining of the objection here discussed.

The evidence in this case amply supports the award made by the jury and included in the judgment.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.