[L. A. No. 25999. In Bank. Dec. 9, 1960.]

THE PEOPLE, ex rel. DEPARTMENT OF PUBLIC WORKS, Respondent, v. FRANCIS G. SYMONS et al., Appellants.

Vaughan, Brandlin & Baggot and Thomas G. Baggot for Appellants.

George C. Hadley, Robert L. Meyer, Charles E. Spencer, Jr., and Philip F. Lanzafame for Respondent.

Stanley Mosk, Attorney General, Walter S. Rountree, Assistant Attorney General, Manly D. Calof, Deputy Attorney General, Harold W. Kennedy, County Counsel (Los Angeles), A. R. Early, Deputy County Counsel, Roger Arnebergh, City Attorney (Los Angeles), Bourke Jones, Assistant City Attorney, Peyton H. Moore, Jr., Division Chief Deputy City Attorney, Weldon L. Weber, Deputy City Attorney, Henry A. Dietz, County Counsel (San Diego), Robert G. Berrey, Deputy County Counsel, Stephen K. Tamura, County Counsel (Orange) and Adrian Kuyper, Assistant County Counsel, as Amici Curiae on behalf of Respondent.

WHITE, J.—Defendants Francis G. Symons and Helen P. Symons appeal from a judgment determining and limiting severance damages in eminent domain proceedings for the partial taking of the defendants' residential property in the city of Los Angeles for the development of streets adjacent to a state freeway. Amici curiae briefs in support of the judgment have been filed by the attorney general, the county counsels of San Diego, Los Angeles and Orange Counties, and by the city attorney of the city of Los Angeles.

The defendants' property consisted of a single family home on a residential lot on the south side of Sutton Street in the city of Los Angeles. Property belonging to other persons immediately adjacent to the defendants' property on the east was condemned for the Los Angeles-San Diego Freeway. In the after-condemnation condition Sutton Street was terminated at the freeway boundary adjoining the defendants' property. In addition to the condemnation of property for the freeway proper, not involved in the present proceeding, a portion of the defendants' property consisting of 440 square feet was taken in order to make the termination of Sutton Street into a cul-de-sac and provide a turn around area.

The trial court expressly found that the taking of the portion of the defendants' property was for state highway purposes, and was necessary to the public use. It found further that the damage to the defendants' property consisted only of the fair market value of the parcel taken, and the

physical damage to the defendants' lawn and sprinkler system. These findings were supported by a stipulation that there was no "severance damage arising from the necessary reconstruction of the driveway or of the lawn, and that, further, the reconstruction of the driveway has already been done by the State in a satisfactory manner. . . ."

During the trial the defendants sought to introduce expert testimony of the decreased value of their property arising from such factors, among others, as the change from a quiet residential area, loss of privacy, loss of view to the east, noise, fumes and dust from the freeway, loss of access over the area now occupied by the freeway, and misorientation of the house on its lot after the freeway construction. The experts could not separate the damage caused by the individual elements and the trial court refused to admit any of the testimony relating to the decreased value on the ground that the offer related to noncompensable items of severance damage and for that reason was irrelevant and immaterial.

Section 1248 of the Code of Civil Procedure provides in part: "The court, jury, or referee must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess: . . . 2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff." A basic question thus presented is whether "the construction of the improvement in the manner proposed by the plaintiff" includes the construction of the freeway proper on lands adjoining the defendants' lands, or includes only the cul-de-sac on the condemned land of the defendants. If the "improvement" includes the freeway improvement, then, it is claimed by the defendants, that the trier of fact might properly assess severance damages caused to the defendants' remaining residential property by reason of the freeway construction proper. In assessing such damages it is further claimed that evidence of the items of damage which the trial court refused to admit are compensable items.

▮ It has long been recognized that there is no right to recover for all elements of damage caused by the construction of a public improvement. ▮ In *Eachus* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 614, the court stated at page 617 [37 P. 750, 42 Am.St.Rep. 149]: "The constitution does not,

however, authorize a remedy for every diminution in the value of property that is caused by a public improvement. The damage for which compensation is to be made is a damage to the property itself, and does not include a mere infringement of the owner's personal pleasure or enjoyment. Merely rendering private property less desirable for certain purposes, or even causing personal annoyance or discomfort in its use, will not constitute the damage contemplated by the constitution; but the property itself must suffer some diminution in substance, or be rendered intrinsically less valuable by reason of the public use. The erection of a county jail or a county hospital may impair the comfort or pleasure of the residents in that vicinity, and to that extent render the property less desirable, and even less salable, but this is not any injury to the property itself so much as an influence affecting its use for certain purposes. . . .'' ▇ And in *People* v. *Ricciardi,* 23 Cal.2d 390 [144 P.2d 799], the court stated: ''Not every depreciation in value of the property not taken can be made the basis of an award of damages . . . damages may not be allowed for diminution of property value resulting from highway changes causing diversion of traffic, circuity of travel beyond an intersecting street, or other noncompensable items.''

There are, however, holdings to the effect that a condemnee is entitled to severance damages of the nature here sought by reason of the construction of an improvement on condemned lands. In *People* v. *O'Connor,* 31 Cal.App.2d 157 [87 P.2d 702], the court upheld the denial of a motion to strike the testimony of two expert witnesses, saying at page 159: ''Both of them, after giving their opinions as to the severance damage, stated that said opinions were based on the fact that the widening of the highway right of way would decrease the distance from the house to the right of way line from 37 to 27 feet; that the lawn and landscaping in front of the house would be adversely affected; that the highway being slightly raised, would be more difficult of access, and ingress and egress to and from the premises would be more difficult; and that the increased closeness of the highway would increase traffic noises and hazards. . . . These elements of damages mentioned by the witnesses are not claimed by respondents as special damages, but are merely the reasons given by the experts for their opinions that the market value of the portion of the tract not taken would be diminished by reason of the taking of the 1/10-acre strip in front. . . . All of the matters

mentioned were proper reasons to be advanced by the experts as bases for their opinions as to value. . . .'' ▮ Compensable items of severance damage, in fixing the fair market value of a remaining parcel, have been recognized to consist of impairment of light and air (*Rose* v. *State,* 19 Cal.2d 713, 727 [123 P.2d 505] ; *Williams* v. *Los Angeles Ry. Co.,* 150 Cal. 592, 594-595 [89 P. 330] ), impairment of view (*First National Bank of Montgomery* v. *Tyson,* 144 Ala. 457 [39 So. 560] ; *Barnes* v. *Commonwealth,* 305 Mass. 339 [25 N.E.2d 737, 127 A.L.R. 104] ), invasion of privacy (*Shano* v. *Fifth Ave. etc. Bridge Co.,* 189 Pa. 245 [42 A. 128, 69 Am.St.Rep. 808] ), and deprivation of access (*Stoner* v. *Iowa State Highway Commission,* 227 Iowa 115 [287 N.W. 269] ).

The defendants claim that the trial court erred in refusing to admit testimony relating to damages of the foregoing nature, citing creditable authority. Without passing on the merits of their claim in this regard, it appears that the admission of such evidence was properly denied as there has not been in this case, for the reasons hereinafter appearing, a severance entitling the defendants to the damages sought.

▮ It is established that when a public improvement is made on property adjoining that of one who claims to be damaged by such general factors as change of neighborhood, noise, dust, change of view, diminished access and other factors similar to the damages claimed in the instant case, there can be no recovery where there has been no actual taking or severance of the claimant's property. (*Bacich* v. *Board of Control,* 23 Cal.2d 343 [144 P.2d 818] ; *Rose* v. *State, supra,* 19 Cal.2d 713; *Eachus* v. *Los Angeles etc. Ry. Co., supra,* 103 Cal. 614, 617; *Reardon* v. *San Francisco,* 66 Cal. 492, 506 [6 P. 317, 56 Am.Rep. 109].) Accordingly, in the case at bar, had the parcel for the cul-de-sac not been taken, the defendant would not be entitled to recovery based on the general diminished property values due to the construction of the freeway on adjoining property. It is manifest, then, that the crucial question here is whether the defendants, whose property was taken for purposes other than the construction of the freeway itself, are entitled to compensation, as severance damages, for those impediments to the property resulting from the objectionable features caused by the maintenance and operation of the freeway proper on lands other than those taken from the defendants.

There appears to be no decision in this state on all fours. In *People* v. *Russell,* 48 Cal.2d 189 [309 P.2d 10], a portion

of the defendant's property was condemned in order to relocate a county road made necessary by adjoining highway construction, and upon which the defendant's property abutted. The court denied any recovery for impairment of the defendant's access to the county road, and in so doing held that the effects of the construction of the state highway were not compensable. ▮▮▮ More in point is *County Sanitation Dist. No. 2* v. *Averill*, 8 Cal.App.2d 556, wherein the court stated at page 561 [47 P.2d 786] : "An owner, whose land is being condemned in part, may not recover damages in the condemnation action to the remainder of his land caused by the manner in which the works are to be constructed or operated on the lands of others. The detriment for which he may recover compensation is that which will result from the operation of the works upon his land alone. (*Keller* v. *Miller*, 63 Colo. 304 [165 P. 774], and cases cited: *Oregon-Washington R. & Nav. Co.* v. *Campbell*, 34 Idaho 601 [202 P. 1065] ; *Walker* v. *Old Colony etc. R. Co.*, 103 Mass. 10 [4 Am.Rep. 509] ; *Campbell* v. *United States*, 266 U.S. 368 [45 S.Ct. 115, 69 L.Ed. 328].)'' In that case the plaintiff condemned a right of way for a sewer through the defendant's land abutting on the ocean. It was contended that sewage, deposited in the ocean almost a mile offshore, would cause pollution of the shoreline and the air above. As noted, the court held it to be significant that the objectionable operation of the improvement occurred not on the defendant's condemned lands and denied recovery on that basis. (See also *People* v. *Emerson*, 13 Cal.App.2d 673 [57 P.2d 955].) If it were conceded in the case at bar, as the defendants contend it should be, that the "improvement" for which the defendants' property was condemned includes the construction of the freeway proper, nevertheless the defendants would not be entitled to recovery under the cases last above cited.

We have before stated that "The courts have assumed the burden and responsibility of defining those rights [of property owners] and of limiting their extent because of the necessity of safeguarding the constitutional rights of private parties . . . and of seeing to it that the cost of public improvements involving the taking and damaging of private property for public use be not unduly enhanced. . . ." (*People* v. *Ricciardi, supra*, 23 Cal.2d 390, 396.) ▮▮▮ The courts have not authorized a recovery under article I, section 14 of our state Constitution where there would be no recovery for damages caused by the construction of an improvement

if undertaken by a private citizen on adjoining property. (*Bauer* v. *County of Ventura,* 45 Cal.2d 276, 283 [289 P.2d 1]; *Clement* v. *State Reclamation Board,* 35 Cal.2d 628, 637 [220 P.2d 897].) ▮ Yet, the defendants seek to accomplish just that in the instant case. To thus enlarge the scope of the state's liability under article I, section 14, would impose a severe burden on the public treasury and, in effect, place "an embargo upon the creation of new and desirable roads." (*People* v. *Gianni,* 130 Cal.App. 584, 588 [20 P.2d 87].)

For the foregoing reasons the judgment from which this appeal was taken is affirmed.

Gibson, C. J., Traynor, J., Peters, J., and Dooling, J., concurred.

McCOMB, J.—I dissent. I would reverse the judgment for the reasons expressed by Mr. Justice Ashburn in the opinion prepared by him for the District Court of Appeal, (Cal.App.) 5 Cal.Rptr. 808.

Schauer, J., concurred.

Appellants' petition for a rehearing was denied January 4, 1961. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.