[Civ. No. 25066.   Second Dist., Div. Two.   June 12, 1961.]

NETTIE ROSENTHAL et al., Appellants, v. CITY OF LOS ANGELES, Respondent.

30

Jerrold A. Fadem and Harmon R. Ballin for Appellants.

Roger Arnebergh, City Attorney, Peyton H. Moore, Jr., Division Chief Deputy City Attorney, and Eldon V. Soper, Deputy City Attorney, for Respondent.

FOX, P. J.—This appeal is from a judgment following the sustaining of a demurrer without leave to amend. The complaint purports to state a cause of action for "inverse condemnation," alleging an unreasonable interference with plaintiffs' access to their property without compensation. The allegations of the complaint, together with attached exhibits, may be summarized as follows:

Since 1953 plaintiffs have owned a parcel of industrially-zoned real property, in the shape of a right triangle, abutting on the southern side of Roscoe Boulevard, an east-west street. The hypotenuse of the triangle is on the southern portion of the property, proceeding from Roscoe Boulevard on the west in an east-southeasterly direction until it intersects with the eastern border of the property. This southerly boundary, or hypotenuse, is adjacent to and bounded by a railroad right of way which intersects Roscoe Boulevard just to the west of plaintiffs' property, preventing access along Roscoe Boulevard from the west. Before the public improvement in question, Roscoe Boulevard provided access to plaintiffs' property from the east. Access could also be had by De Celis Place and Hayvenhurst. These are north-south streets having their southern termini at Roscoe Boulevard. De Celis meets Roscoe at the western tip of plaintiffs' property. Hayvenhurst meets Roscoe just east of that property. Access to plaintiffs' property was

from Roscoe Boulevard, reached from the east by that street and from the north by De Celis and Hayvenhurst.

In 1959 defendant city improved Roscoe Boulevard so that as it approaches plaintiffs' property from the east it turns southwest at a point just east of Hayvenhurst. It then crosses the railroad right of way, turns west again and connects with its western counterpart somewhere to the west of plaintiffs' property. Roscoe is now a through street which bypasses plaintiffs' property to the south of that property. The improvement is so constructed that traffic from the east is required to turn and follow the new Roscoe. Plaintiffs' property still abuts on the same street, which is still designated Roscoe Boulevard, but which now is only a little over a block long, intersecting only De Celis on the west and Hayvenhurst on the east. Thus there are now two Roscoe Boulevards. Plaintiffs' property may now be reached only by approaching the old Roscoe from the north on either De Celis or Hayvenhurst. It is alleged that by blocking access from the east along Roscoe, the city "unreasonably interfered with plaintiffs' access to said property and [took or impaired] the right of direct access to said property," and that "defendants have appropriated plaintiffs' access for public use and have deprived plaintiffs of access to said real property." Plaintiffs allege that they have not been paid therefor and have suffered damage in the amount of $25,000.

The right of access to one's property has been called a property right in itself, in the nature of an easement, meritorious of protection from undue encroachment. (*People* v. *Ricciardi,* 23 Cal.2d 390, 397 [144 P.2d 799].) In *People* v. *Russell,* 48 Cal.2d 189, 195 [309 P.2d 10], it was said that "[t]he right of access [of a property owner] has been defined as extending to a use of the road for purposes of ingress and egress to his property by such modes of conveyance and travel as are appropriate to the highway and in such manner as is customary or reasonable. (*Rose* v. *State,* 19 Cal.2d 713, 728 [123 P.2d 505].) It is more extensive than a mere opportunity to go into the street immediately in front of one's property. (*Bacich* v. *Board of Control,* 23 Cal.2d 343 [144 P.2d 818].) *However it does not extend beyond access to the next intersection at either end of the street upon which the property abuts.* (*Beckham* v. *City of Stockton,* 64 Cal.App.2d 487 [149 P.2d 296].) Any inconveniences which may be suffered after such intersection is reached do not impair the easement but are inconveniences suffered by him as a member of the public.

32

█ *Highway changes causing diversion of traffic or circuity of travel beyond an intersecting street are not compensable."* (Emphasis added.)

█ This "next intersecting street" rule voiced in the italicized language above, is expressed in many California cases. (*People* v. *Ricciardi, supra,* at pp. 401-402; *Bacich* v. *Board of Control, supra,* at p. 352; *Beckham* v. *City of Stockton, supra,* at p. 496.) Since the obstruction in the instant case falls beyond the street which next intersects Roscoe Boulevard (Hayvenhurst), these cases would appear to command the conclusion that plaintiffs cannot recover since they have not suffered a compensable injury. Plaintiffs have gone to the trouble of analyzing each of these cases to demonstrate that the "rule" is merely so much dicta. Regardless whether it may be dicta, its frequent reiteration by the highest court of this state, with approval as recent as December of last year (*People* v. *Symons,* 54 Cal.2d 855, 859 [9 Cal.Rptr. 363, 357 P.2d 451]) persuades us that it should be accepted as the law by this court. The cases are plenary which say that the damage suffered by the complaining party must be peculiar to him, as distinguished from the damage suffered by the general public. The "next intersecting street" rule appears to be nothing more than a declaration that the next intersecting street is the dividing line between injuries peculiar to oneself and those which one suffers in common with the general public. (See *Bacich* v. *Board of Control, supra; Rose* v. *State, supra.*)

*People* v. *Symons, supra,* provides us with a broader reason for affirming the trial court's judgment denying recovery. That case involved a proceeding in eminent domain. A freeway had been constructed adjoining defendants' property. The street on which their house abutted was then terminated at the freeway boundary. A portion of defendants' property was taken to make a cul-de-sac turn-around area. The trial court awarded damages only for the value of the property severed and taken and for physical damage to defendants' lawn and sprinkler system. It appears from the opinion that evidence was excluded as to damages for loss of access from the east, where the freeway was located, and for other items. On appeal it was held that the evidence was properly excluded since the items for which damages were sought, including loss of access, were not compensable. The opinion recognizes, at p. 859, that "[t]here are, however, holdings to the effect that a condemnee is entitled to severance damages of the nature here sought by reason of the construction of an improvement

*on condemned lands.''* (Emphasis added.) But it goes on to state at p. 860: ''Without passing on the merits of their claim in this regard, it appears that the admission of such evidence was properly denied as there has not been in this case, for the reasons hereinafter appearing, a severance entitling the defendants to the damages sought.

''It is established that when a public improvement is made on property adjoining that of one who claims to be damaged by such general factors as change of neighborhood, noise, dust, change of view, *diminished access* and other factors similar to the damages claimed in the instant case, there can be no recovery where there has been no actual taking or severance of the claimant's property. (*Bacich* v. *Board of Control,* 23 Cal.2d 343 [144 P.2d 818]; *Rose* v. *State, supra,* 19 Cal.2d 713; *Eachus* v. *Los Angeles etc. Ry. Co., supra,* 103 Cal. 614, 617 [37 P. 750, 42 Am.St.Rep. 149]; *Reardon* v. *San Francisco,* 66 Cal. 492, 506 [6 P. 317, 56 Am.Rep. 109].) Accordingly, in the case at bar, *had the parcel for the cul-de-sac not been taken, the defendant would not be entitled to recovery based on the general diminished property values due to the construction of the freeway on adjoining property.''* (Emphasis added.) It was then determined that the severance made for the purpose of the cul-de-sac did not suffice as a basis for an award of damages upon diminished value arising from the construction of the freeway.

In the case at bar, of course, there was no severance whatsoever. The clear command of *People* v. *Symons, supra,* is that in such a case diminished value attributable to the diminished access due to a public improvement on neighboring property is not compensable. It may be noted that in *Symons* there was even a loss of access to the next intersecting street.

Plaintiffs attempt to distinguish *Symons,* stating that it stands for the proposition that damage due to the construction of the freeway was held not to be a proper element of severance damage under the facts of that case. But the clear language of the opinion cited above indicates that at least one basis for the decision therein was that diminished access is not compensable in the absence of a severance, and that the severance which did take place, for a purpose other than construction of the freeway, was not adequate.

Plaintiffs contend that there has been a rerouting of the street on which their property formerly abutted, and that this constitutes an actionable interference with the easement of access under the decisions of *People* v. *Ricciardi, supra,* and

*Blumenstein* v. *City of Long Beach,* 143 Cal.App.2d 264 [299 P.2d 347]. An examination of those cases discloses that the complainants' properties were separated from the streets on which they formerly abutted. This is not the case here. Plaintiffs' property still abuts on, and plaintiffs have access to the same street. If Roscoe had merely been terminated east of Hayvenhurst, the next intersecting street, for the construction of, say, a freeway across it, plaintiffs could not recover under the above cited authorities. The fact that traffic is permitted to travel around plaintiffs' property to the south cannot make their asserted damage compensable.

Plaintiffs further contend that the applicable test by which it is determined whether or not there should be recovery is whether or not there has been *substantial impairment* of the easement of access (see *People* v. *Ricciardi, supra*; *People* v. *Ayon,* 54 Cal.2d 217 [5 Cal.Rptr. 151, 352 P.2d 519]). It is argued that the "next intersecting street" rule is merely one aspect of this test, and if "substantial impairment" can be shown, regardless whether the next intersecting street may be reached, then recovery should be allowed. Further, it is argued that the compensable right of an abutting property owner is to direct access to the adjacent street *and* to the through traffic along that street (*People* v. *Ricciardi, supra*), and that this right has been encroached upon. It will be noted, however, that Roscoe Boulevard, the street on which plaintiffs' property abuts, *never was a through traffic street* at the point where that property is located. It terminates at De Celis, the next intersecting street to the west of plaintiffs' property. The case at bar merely presents a situation in which plaintiffs' property could formerly be reached by traveling on any one of three streets: Roscoe (from the east only), Hayvenhurst, or De Celis, and can presently be reached only by two of the three. Those who would formerly have sought access to the property from the east by Roscoe must now take the next east-west street to the north thence south on either De Celis or Hayvenhurst. This minor inconvenience is not such as to constitute a "substantial impairment" of the right of access (see *People* v. *Ayon,* 54 Cal.2d 217 [5 Cal.Rptr. 151, 352 P.2d 519]).

The judgment is affirmed.

McMurray, J. pro tem.,* concurred.

Ashburn, J., Concurring.—Under the compulsion of *People* v. *Ayon,* 54 Cal.2d 217 [5 Cal.Rptr. 151, 352 P.2d 519] and

---

*Assigned by Chairman of Judicial Council.

*People* v. *Symons,* 54 Cal.2d 855 [9 Cal.Rptr. 363, 357 P.2d 451], I concur in the judgment.

A petition for a rehearing was denied July 10, 1961, and appellants' petition for a hearing by the Supreme Court was denied August 9, 1961.