[Civ. No. 20312. First Dist., Div. Three. Apr. 8, 1963.]

CITY OF BERKELEY, Plaintiff and Respondent, v. A. B. VON ADELUNG, Defendant and Appellant.

Irvine P. Dungan for Defendant and Appellant.

Robert T. Anderson, City Attorney, and Robert P. Berkman, Assistant City Attorney, for Plaintiff and Respondent.

DRAPER, P. J.—In this eminent domain proceeding, plaintiff city acquired 9.48 square feet of defendant's residential lot. Value of the land was stipulated to be $20. Defendant sought $3,000 in severance damages. The court, sitting without a jury, rejected defendant's offer of proof as to severance damages, and entered judgment only for value of the land taken. Defendant appeals.

Defendant's lot has a frontage of 50 feet on La Loma Avenue, and of about 115 feet on Buena Vista Avenue. The property taken rounds off the approximately right angle corner of the lot. At the point of the corner angle, the taking is "only one to two feet at the most" in depth, and tapers down to nothing at each end of a curve some 16 feet long. The house is set back on the property, no part of it is affected by the taking, and it need not be relocated on the lot.

The project of which this taking is a part covers 10 to 15 blocks of roadway, closes a street some four blocks from defendant's lot, and widens La Loma by narrowing the sidewalk (not on defendant's land). The city also will ban parking in front of defendant's lot. Defendant offered to prove that the

effect of the project as a whole would be to approximately triple traffic past defendant's lot, with resultant increase in fumes and traffic noises.

A property owner is entitled to "damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed" (Code Civ. Proc., § 1248, subd. 2). But he "has no constitutional right to compensation simply because the streets upon which his property abuts are improved so as to affect the traffic flow" thereon (*People* v. *Ayon,* 54 Cal.2d 217, 223-224 [5 Cal.Rptr. 151, 352 P.2d 519]). Moreover, he cannot recover for those damages caused by the manner in which the project is to be constructed or operated on the lands of others, but is limited to damages caused by the operation of the improvement on his land alone (*People* v. *Symons,* 54 Cal.2d 855, 861 [9 Cal.Rptr. 363, 357 P.2d 451]; *County Sanitation District No. 2* v. *Averill,* 8 Cal.App.2d 556, 561 [47 P.2d 786]).

 At most, defendant's offered proof would show only that the project as a whole would increase traffic flow past his lot. He offered nothing to show that such increase would be either effected or affected by the taking of a small bit of his property to round off one corner. Rather, it follows in large part from modification of traffic regulations, minor widening of La Loma by taking narrow strips of land of other owners, and closing of a street four blocks away from defendant's land. Under the cases cited above, the claimed severance damages are not recoverable. Moreover, the asserted injury is not compensable because it is general to all property owners in the neighborhood, and not special to defendant (*People* v. *Gianni,* 130 Cal.App. 584, 588 [20 P.2d 87]).

Objection to the offer of proof was properly sustained.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.