[Civ. No. 21744. First Dist., Div. Two. Sept. 22, 1964.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. RAYMOND H. ELSMORE et al., Defendants and Appellants.

Paul N. McCloskey, Jr., T. C. Carlstrom and McCloskey, Wilson & Mosher for Defendants and Appellants.

Harry S. Fenton, Holloway Jones, Jack M. Howard, Charles W. Thissell, Richard S. Levenberg and William R. Edgar for Plaintiff and Respondent.

TAYLOR, J.—In this eminent domain proceeding, the state, through its Department of Public Works, acquired 0.026 acres of appellants' 0.978 acres of unimproved lands, abutting on the San Jose-San Francisco freeway. The value of the land taken was stipulated to be $336. Defendants sought $6,500 in severance damages. The court, after waiver of a jury (Code Civ. Proc., § 631), rejected defendants' offer of proof as to severance damages and entered judgment only for the value of the land taken. On this appeal by defendants, the only question is whether the claimed severance damages are recoverable.

The facts are not in dispute. Appellants are the owners of 0.978 acres of unimproved lands described as Parcel 2 in the complaint. The only improvement to be constructed on the land taken from appellants is a chain link fence to be placed on or near the property line separating the state-acquired property from the remainder of Parcel 2. The part of Parcel 2 acquired by the state was taken for freeway purposes but not for the construction of the freeway proper. It is to be a portion of an unimproved and cleared strip about 25-30 feet wide located to the side of the freeway roadbed. This cleared strip, designed to run along the entire length of the freeway from San Jose to San Francisco, is to be used only for emergency and maintenance vehicles and operations. All of the land taken from appellants is included within this proposed roadside strip.

After the state had established its prima facie case, appellants offered to prove by expert testimony that the construction and use of the 200-foot wide freeway with its two traffic lanes, each 48 feet wide, would diminish the value of their remaining parcel. The trial court, relying on *People v. Symons*, 54 Cal.2d 855 [9 Cal.Rptr. 363, 357 P.2d 451], rejected the offer of proof and held that appellants were

entitled only to the value of the parcel taken. This is contended to be error on appeal.

Appellants, relying on *Chicago, K. & N. Ry. Co.* v. *Van Cleave* (1893) 52 Kan. 665 [33 P. 472]; *Blesch* v. *Chicago & Northwestern R. Co.* (1877) 41 Wis. 183; *Haggard* v. *Independent School Dist.* (1901) 113 Iowa 486 [85 N.W. 777], etc., argue that they are entitled to be compensated for the damages resulting to the remainder of their lands by the uses made and to be made of the lands acquired for the freeway from other owners. In each of these cases, however, as in *Andrews* v. *Cox* (1942) 129 Conn. 475 [29 A.2d 587], it was impossible to ascertain and separate the damages caused to the remaining property by the taking and proposed use of the particular piece of the condemnee's land acquired. In the instant case, the damages to the remainder attributable to the taking and use of appellants' land acquired are readily severable from the overall damages caused by the entire 200-foot freeway strip and thus can be determined.

In this state, not every depreciation in value of the property not taken can be made the basis of an award for damages (*People* v. *Ricciardi,* 23 Cal.2d 390, 395 [144 P.2d 799]; *People* ex rel. *Dept. of Public Works* v. *City of Los Angeles,* 220 Cal.App.2d 345, 361-363 [33 Cal.Rptr. 797]).

The long established rule is that an owner whose land is being condemned in part may not recover damages in a condemnation action to the remainder of his land caused by the manner in which the works are to be constructed or operated on the land of others. The owner may recover compensation only for the detriment that will result from the public improvement or operation of works upon his land alone (*Sanitation Dist. No. 2* v. *Averill,* 8 Cal.App.2d 556, 561 [47 P.2d 786]; *People* v. *Emerson,* 13 Cal.App.2d 673 [57 P.2d 955]).

The rationale underlying this rule is well expressed in *People* v. *Symons,* 54 Cal.2d 855 [9 Cal.Rptr. 363, 337 P.2d 451]. There, a defendant whose land was not taken for the freeway, sought to recover damages when a portion of his land was taken in order to form a cul-de-sac made necessary by the closure of a street resulting from the freeway construction. The court stated at page 860: "It is established that when a public improvement is made on property adjoining that of one who claims to be damaged by such general factors as change of neighborhood, noise, dust, change of

view, diminished access and other factors similar to the damages claimed in the instant case, there can be no recovery where there has been no actual taking or severance of the claimant's property. [Citing numerous cases.] Accordingly, in the case at bar, had the parcel for the cul-de-sac not been taken, the defendant would not be entitled to recovery based on the general diminished property values due to the construction of the freeway on adjoining property. It is manifest, then, that the crucial question here is whether the defendants, whose property was taken for purposes other than the construction of the freeway itself, are entitled to compensation, as severance damages, for those impediments to the property resulting from the objectionable features caused by the maintenance and operation of the freeway proper on lands other than those taken from the defendants." The court held that the defendant had no right to recover severance damages.

Appellants argue that the *Symons* case is not applicable because the condemned land did not lie within the freeway right-of-way as in the instant case. They contend that here we have a unity of use which cannot be separated by an imaginary line drawn between appellants' property used for the maintenance strip and the property of others used for the freeway. This contention would be sound if some of appellants' land had also been taken and was being used for the freeway proper. ■ The crucial test is whether there is any construction or use on the part taken which may cause a diminution in value to the remainder.

The court in the *Symons* case in effect rejected the identical argument made here by appellants. After discussing the California decisions holding that the improvement or the objectionable portion thereof must actually occur on lands owned by the condemnee, the court concluded at pages 861 and 862: *"The courts have not authorized a recovery under article I, section 14 of our state Constitution where there would be no recovery for damages caused by the construction of an improvement if undertaken by a private citizen on adjoining property. (Bauer v. County of Ventura, 45 Cal.2d 276, 286 [289 P.2d 1]; Clement v. State Reclamation Board, 35 Cal.2d 628, 637 [220 P.2d 897].)* Yet, the defendants seek to accomplish just that in the instant case. To thus enlarge the scope of the state's liability under article I, section 14, would impose a severe burden on the public treasury and, in effect, place 'an embargo upon the creation

of new and desirable roads.' (*People* v. *Gianni,* 130 Cal.App. 584, 588 [20 P.2d 87].) '' (Italics added.)

The rule enunciated in *Symons* is the majority rule in the United States (*Campbell* v. *United States* (1924) 266 U.S. 368 at p. 371 [45 S.Ct. 115, 69 L.Ed. 328]). Furthermore, in some of the jurisdictions relied on by appellants, a subsequently expanded use to land which, when originally acquired by the condemning body, was to have no improvements located thereon, does not give a new cause of action for severance damages to the condemnee. (*City of Crookston* v. *Erickson* (1955) 244 Minn. 321 [69 N.W.2d 909].)

California, on the other hand, gives the landowner a new suit for damages if improvements are constructed other than ''in a manner proposed by the plaintiff.'' (*People* ex rel. *Dept. Public Works* v. *Schultz Co.,* 123 Cal.App.2d 925, 934-936 [268 P.2d 117].)

In the instant case, as in *City of Berkeley* v. *Von Adelung,* 214 Cal.App.2d 791 [29 Cal.Rptr. 802], the offer of proof merely tended to establish the effect the freeway *as a whole* had on appellants' remaining property. Appellants offered no expert testimony showing damage to their remaining property from the limited use proposed by the state on the portion of Parcel 2 condemned. The court properly restricted its judgment to the value of the property taken.

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 19, 1964.