COBEY, J.
I concur. Under Code of Civil Procedure, section 1248, subdivision 2, severance damages are those damages caused by (1) the severance of the part of the property condemned from the condemnee’s remaining property and (2) the construction of the improvement in the manner proposed by the condemner.
In this case the construction of the improvement, the extension of Center Street 40 feet wide through the eondemnees’ remaining property, undoubtedly has made more probable and imminent a later forced dedication from this property of an additional 40-foot strip for this street[1] to the City of West Covina under the city’s applicable ordinance. This forced dedication, and the resulting loss in land available for development by the eondemnees, if and when it occurs, will result in noncompensable damage to the eondemnees for the reasons stated in the court’s opinion.
But such damage will not be caused by the construction of the improvement involved in this case. It will instead be caused by the noncompensable application of the city’s preexisting ordinance.[2]
Therefore the increased probability of such noncompensable *389 damage to the eondemnees by the City of West Covina, rather than by the condemner, cannot be considered in this proceeding for the purpose of ascertaining the severance damages that are payable by the condemner. Under the just mentioned Code of Civil Procedure, section 1248, subdivision 2, a condemner is responsible only for the severance damages it causes and not for those caused subsequently by another public entity.
Furthermore, evidence of the adverse effect of the probable forced dedication upon the market value of the eondemnees ’ remaining property was inadmissible in the proceeding under review for an additional and independent reason. As the California Law Revision Commission states in its 1961 Recommendation and Study relating to “Evidence in Eminent Domain Proceedings” at page A-7 of volume 3 of its reports: “Nor should an expert in formulating or stating his opinion be permitted to rely on or testify concerning injuries to the property for which compensation may not be given—such as injuries caused by the exercise of the police power—even though such injuries may actually influence market value. Without this limitation, damages might be awarded indirectly for losses for which a condemnee is not entitled to be compensated. ’ ’
This view has been codified in Evidence Code, section 822, which reads as follows: “Notwithstanding the provisions of Sections 814 to 821, the following matter is inadmissible as evidence and is not a proper basis for an opinion as to the value of property; ...(e) The influence upon the value of the property or property interest being valued of any noncompensable items of value, damage, or injury.”
The foregoing statute, which became effective in 1965, is, of course, inapplicable as such to this case since the case was brought to trial in 1964. (Stats. 1965, ch. 1151, § 6, p. 2907.) However, I believe that it accurately codifies the decisional law which existed in this state long prior to its enactment and that such law determines in this respect the point under consideration. (See Rose v. State of California, 19 Cal.2d 713, 738-742 [123 P.2d 505]; People v. Symons, 54 Cal.2d 855, 858-859 [9 Cal.Rptr. 363, 357 P.2d 451]; Sacramento etc. Drainage Dist. ex rel. State Reclamation Board v. Reed, 215 Cal.App.2d 60, 63-65 [29 Cal.Rptr. 847]; Blumenstein v. City of Long Beach, 143 Cal.App.2d 264, 270 [299 P.2d 347].)

The street is currently 80 feet in width, and the extension involved is likewise shown as 80 feet wide on the existing maps of the city. Furthermore, aside from the traffic generated by the future development of the property, a substantial increase in the traffic flow upon this street, as extended, is expected by reason of its contemplated service as a frontage road to the San Bernardino freeway in this vicinity.

I reach this decisive conclusion because, although there are three factors, namely, the' ordinance, the narrowed extension of Center Street involved in this proceeding, and the probable approval by the city of a specific plan of the eondemnees for the development of their remaining property, which will unite to contribute to this damage, only one of them is indispensable to its causation—the city’s preexisting ordinance. Without it, the other two could both happen and the forced dedication would not occur.