MARY P. BARNES & others *vs.* COMMONWEALTH.

Plymouth.   November 7, 1939. — February 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Damages*, For property taken or damaged under statutory authority.

In assessing under G. L. (Ter. Ed.) c. 79, § 12, damages sustained by
one through whose land a highway had been constructed with an
elevated viaduct cutting off from a part of the land not taken an
extensive and desirable view of woods, creeks, and marshes, such in-
terference with view could be considered if it actually reduced the
market value of that part of the land.

PETITION, filed in the Superior Court on September 5,
1933, for the assessment of damages for a taking of land.

The case was tried before *Morton, J.*

*P. B. Buzzell,* for the petitioners.

*A. V. Sullivan,* Assistant Attorney General, for the Com-
monwealth.

LUMMUS, J.   This is a petition for damages resulting from
the taking of land in Hingham for the construction of a
State highway called the Justice Cushing Way.   In general
the strip of land taken ran in a southerly direction from
Summer Street through the land of the petitioners, leaving
to the petitioners a small tract of land to the west of the
land taken, and a larger tract, on high ground with three
houses on it, to the east of the land taken.   Evidence for
the petitioners warranted a finding of damages exceeding
$25,000, and the attribution of a large part of the damages
to the injury to the remaining land resulting from the con-
templated carrying of the proposed way over a railroad by
a viaduct high enough to cut off an extensive and desirable
view of woods, creeks and marshes from the three houses.
The jury awarded as damages $5,020, which was less than
the damage according to the only expert witness shown to
have testified for the Commonwealth.

The only exception is to an instruction to the jury "that

any interference with the view from petitioners' remaining property was not in and of itself an element of damage for which they could make any allowance." The only qualification of that instruction was in the following words: — "Suppose . . . this road goes up — up over the tracks and it is a high embankment — where the embankment may be a scar on the landscape, the jury have the right, as affecting the value of the land, to say whether that was a detriment."

The instruction given is not to be supported by pointing out that technically no injury to remaining property of a petitioner is "in and of itself an element of damage," but that such an injury is material only so far as it shows depreciation of the market value of such remaining property because of the taking and consequently the depreciation in value of the whole estate because of the taking of a part of it. The instruction gave the jury to understand that they might consider injury to the remaining land because of any unsightliness of the viaduct itself, but not injury because of its interference with a beautiful view.

The statute, where part of a parcel of land is taken, provides for the inclusion of "damages for all injury to the part not taken caused by the taking or by the public improvement for which the taking is made." G. L. (Ter. Ed.) c. 79, § 12. *Rourke* v. *Central Massachusetts Electric Co.* 177 Mass. 46. *Beale* v. *Boston,* 166 Mass. 53. The jury were entitled to consider the fact that the construction of the way involved the erection of a viaduct over a railroad. *Presbrey* v. *Old Colony & Newport Railway,* 103 Mass. 1, 7. *Johnson* v. *Boston,* 130 Mass. 452. *Como* v. *Worcester,* 177 Mass. 543, 546. *Lentell* v. *Boston & Worcester Street Railway,* 202 Mass. 115. *Wooley* v. *Fall River,* 220 Mass. 584, 588. *Saltonstall* v. *New York Central Railroad,* 237 Mass. 391, 397. *Wright* v. *Commonwealth,* 286 Mass. 371. If that viaduct actually reduced the market value of the remaining land through interference with a desirable view, that interference must be considered in assessing the damages. *Trustees of Boston University* v. *Commonwealth,* 286 Mass. 57, 61. See also *Lincoln* v. *Commonwealth,* 164 Mass. 368, 375–377; *McKeon* v. *New England Railroad,* 199 Mass. 292, 295.

It is true that in *Howell* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 169, 175–176, where no part of the land of the petitioners was taken and the only damage was the loss of view resulting from the erection of a viaduct one hundred sixty feet or more away, it was held that the petitioners could not recover, for "the interference with view shown by the facts here disclosed does not reach to a special and peculiar damage to the petitioners differing in kind from that suffered by the general public." See G. L. (Ter. Ed.) c. 79, § 12. That decision has no application to the present case, where a part of the land of the petitioners was taken.

*Exceptions sustained.*