18510

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, AP-
pellant, v. Jackson T. TOUCHBERRY and the Federal Land
Bank, Respondents.

(148 S. E. (2d) 747)

2

*Messrs. Daniel R. McLeod, Attorney General, and C. T. Goolsby, Jr., Assistant Attorney General,* of Columbia, *and Roger & Riggs,* of Manning, *for Appellant,*

*Messrs. Harold W. Detwiler,* of Summerton, *and Benj. A. Bolt,* of Greenville, *for Respondents,*

May 30, 1966.

BRAILSFORD, Justice.

The respondent, Jackson T. Touchberry, owns, operates and resides upon a 146 acre farm in Clarendon County about one mile from the town of Summerton. The South

Carolina State Highway Department has condemned 20.5 acres of this land as a right-of-way for Interstate-95, a main controlled access highway from northeastern United States to Florida. Upon a trial *de novo* in the circuit court, the the jury awarded $31,000.00 as compensation to the landowner and the department has appealed from an order of the circuit court refusing its motion for a new trial. This motion charged that the court erred in submitting to the jury for its consideration in assessing compensation four factors claimed by the landowner as elements of special·damage, to wit, increased traffic noise at the landowner's residence, loss of breeze at the residence because of the elevation of the highway, loss of view from the residence because of such elevation, and circuity of travel between 38 acres of Touchberry's farm lying on one side of the controlled access highway and his remaining land on the opposite side thereof. The motion also challenged the admission of evidence as to each of these factors. Each exception on this appeal charges that the court erred in overruling a specified ground of the motion for a new trial. The issue before us is thus limited to whether the court erred in overruling this motion on any of the grounds specified therein.

*As to traffic noise.* The defendant contends that increased traffic noise resulting from the construction of the highway near the Touchberry residence does not constitute special damage because "there is no showing that the alleged injury is special and peculiar to the landowner and not such as is commonly suffered by all others whose homes are in close proximity to. that highway."

This contention is apparently based upon a misconception of the law applicable in assessing damages to the remaining property of a landowner where a portion of an entire tract has been condemned for a public improvement. We quote from 4 Nichols on Eminent Domain, Section 14.1, page 473: "A distinction must be drawn between consequential damages to a remainder area where part of a tract is physi-

cally appropriated and consequential damages to a tract no part of which is physically appropriated. In the latter case the damage must be peculiar to such land and not be such as is suffered in common with the general public. In the former case it matters not that the injury is suffered in common with the general public."

The following quotation from *South Carolina State Highway Department v. Bolt*, 242 S. C. 411, 131 S. E. (2d) 264, states the applicable rule:

"* * * The special damages referred to in the above statutes relate to injury or damage to the remainder of the property from which a portion is taken. They would include any damage or any decrease in actual value of the remainder of the landowner's property which are the direct and proximate consequence of the acquisition of the right-of-way. In other words, as a general rule, special damages include all injuries or damages which cause a diminution in the value of the remaining property. As stated in 18 Am. Jur. 905, Section 265:

" 'When part of a parcel of land is taken by eminent domain, the owner is not restricted to compensation for the land actually taken; he is also entitled to recover for the damage to his remaining land. In other words, he is entitled to full compensation for the taking of his land and all its consequences; and the right to recover for the damage to his remaining land is not based upon the theory that damage to such land constitutes a taking of it *nor is there any requirement that the damage be special and peculiar, or such as would be actionable at common law; it is enough that it is a consequence of the taking.* The entire parcel is considered as a whole, and the inquiry is, how much has the particular public improvement decreased the fair market value of the property, taking into consideration the use for which the land was taken and all the reasonably probable effects of its devotion to that use.' " (Emphasis added.) 242 S. C. 417, 131 S. E. (2d) 266.

The grounds of the department's motion for a new trial which were based upon the foregoing contention with respect to traffic noise were properly overruled.

*As to loss of view and of breeze.* These two elements may conveniently be considered together. The landowner testified that from his residence he could see over most of his farm, at least seventy-five percent of the cultivated land; that the highway will be constructed on an elevation, after which his view will be restricted to about one-third of it. He further testified that the elevated highway would cut off a "wonderful breeze" from the southwest by which, because of its location, his residence was favored in the summertime. With respect to his testimony as to both of these items, counsel for the department interposed general objections. The only attempt at specification of any ground of objectiion was in the following colloquy between counsel and the court.

"Mr. Goolsby: Object to loss of breeze, your Honor.

"The Court: I think he is entitled to go into the matter of the elevation. The question of credibility of the testimony is for the jury.

"Mr. Goolsby: We don't question his credibility, if the Court please. We just question the competence and relevance as it has to do with the land value we are taking."

The errors assigned in the grounds of the motion for a new trial relating to the admission of this testimony were that, paraphrasing from the separately stated grounds, such evidence was not relevant to the issues involved in that an alleged loss of view and loss of breeze do not constitute either special damages or a taking of property in eminent domain for which compensation must be paid and that such evidence was incompetent in that no qualified witness established that the elevation of the proposed highway would be such as to deprive the landowner of any view or breeze.

It is immaterial on the issue of special damages that loss of view and loss of breeze do not constitute a taking

of property in eminent domain. Nor could the testimony that the highway would be constructed on the appropriated land, in proximity to the landowner's residence, at such an elevation as to interfere with the view therefrom and to cut off favorable summer breezes, have been excluded on the theory that such interferences could not constitute special damages within the meaning of Section 33-135, Code of 1962. This section requires that any special damages resulting from the taking of a portion of a tract for a right-of-way be considered in assessing compensation. Under this statute, and others of similar import elsewhere, "(t)he different elements of damage to remaining land recoverable when part of a tract is taken are as numerous as the possible forms of injury." 4 Nichols on Eminent Domain, Section 14.24, at 556. It requires no argument to demonstrate that the value of a homesite may be impaired by the construction in proximity thereto of a highway at such an elevation as to obstruct view and favorable breezes.

The point that the evidence was incompetent because "no qualified witness" established what the elevation of the highway would be was not raised at the trial. Therefore, it was not available as a ground of motion for a new trial and there was no error in overruling it. Furthermore, the landowner's testimony that the highway elevation would be such as to interfere with the view from his residence and to interfere with airflow was not challenged at the trial, although the highway plans were in evidence and department engineers were available as witnesses. Inferentially from these facts, the landowner's testimony was consistent with the elevation shown on the plans, which are not included in the record here but were before the jury.

The department also included in its motion for a new trial the grounds that the court erred in charging the jury that they could consider obstruction of view and interference with airflow as elements of special damage. The error assigned was limited to the assertion that neither of these factors "constitute a special damage or a taking in eminent

domain for which compensation must be paid." For reasons already stated, we conclude that these grounds of the motion were properly overruled. This result is supported by *Barnes v. Commonwealth*, 305 Mass. 339, 25 N. E. (2d) 737, 127 A. L. R. 104, which involved interference with a desirable view as an element of special damage. See Annotation of this point, 127 A. L. R. 106.

In addition to the alleged errors with respect to view and airflow which were specified in the motion for a new trial, the department argues in the brief that this testimony should have been excluded because there was no testimony that the obstruction to view and airflow impaired the market value of the remaining land. We think that it is at least inferable from the testimony that there was some diminution in the market value of the landowner's residence in consequence of the elevation of the highway. However, the point need not be pursued. It was not included in the grounds of the motion for a new trial. Therefore, it is not available on appeal from the order overruling that motion.

*As to circuity of travel.* One of the main factors relied upon by the landowner and his witnesses in their testimony as to special damages is that the landowner will not have direct access from one portion of his remaining land to the other. Instead, he will have to travel for one-half mile along frontage roads and through an underpass in going from one parcel to the other.

The court instructed the jury that the landowner was entitled to severance damage, and that, in this connection, they might "properly consider the circuity of travel between one portion of his farm and another portion of his farm." He also read the following request to charge submitted by the landowner: "An element of special damage which may be considered is the necessity of using a circuitous route to gain access to remaining lands severed by a controlled-access highway."

The quoted instruction to the jury was made a ground of the department's motion for a new trial, the error assigned

being "that circuity of travel does not constitute either a special damage or a taking of property in eminent domain for which compensation must be paid and that circuity of travel may not be considered separately from and independently of severance." On this appeal, the department has excepted to the denial of this ground of its motion, the error assigned—conforming strictly to the motion—being:

"a. that circuity of travel does not constitute either a special damage or a taking of property in eminent domain for which compensation must be paid;" and "b. that circuity of travel may not be considered separately from and independently of severance."

The assignment of error is without merit and is not really argued in the brief, which concedes, quoting: "Where a highway is of the controlled access character, severance is more complete; and the diminution in the value of the land because of the increased inconvenience in going from one tract to the other may be considered." The brief asks for reversal because, quoting: "No explanation is set forth in that charge that circuity of travel, in order to be considered at all, must affect the fair market value of the remainder. In charging the jury that simply the necessity of using a circuitous route constituted a special damage, the Court erred."

The entire charge as to special damages is subject to the criticism now leveled at it. The trial judge fell into error by instructing the jury that they might award compensation for specified elements of such damages, without also instructing them that such compensation must be limited to the decreased market value of the property resulting therefrom. Furthermore, the usual instruction that just compensation is to be measured by the difference between the value of the property before the taking and its value afterward, taking into account the use to which the portion condemned will be put, which would have tended to mitigate the error, was not given. However, this appeal from the refusal of the

10

department's motion for a new trial does not reach an error committed at the trial which was not put forward as a ground of that motion. The error assigned to the instruction on circuity of travel in the motion, quoted above, can not fairly be construed to include the error urged, for the first time, on the last page of the brief. There was no merit in the ground of the motion for a new trial relating to the charge on circuity of travel and the court properly overruled.

The remaining exceptions have been carefully considered and found to raise no substantial issue not already resolved against the department.

Affirmed.

Moss, Acting C. J., LEWIS and BUSSEY, JJ., and LIONEL K. LEGGE, Acting Justice, concur.