[Sac. No. 7848. In Bank. Nov. 20, 1969.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS,
Plaintiff and Respondent, v.
WILLIAM RAMOS et al., Defendants and Appellants.

## Counsel

Colley & McGhee and Milton L. McGhee for Defendants and Appellants.

Harry S. Fenton, John B. Matheny, Marc Sandstrom and Stephen A. Mason for Plaintiff and Respondent.

## Opinion

**BURKE, J.**—In this eminent domain proceeding, brought to acquire a portion of defendants' real property for state highway purposes, the value of the property taken was fixed by stipulation at $3,500 but severance damages were denied. Defendants appeal from the judgment and orders of final condemnation and special issues. As will appear, we have concluded that the trial court erred in limiting damages based on its view that no part of defendants' property was taken for construction of the freeway itself.

Before the taking defendants' property was on the corner of Soule and Clay Streets, in West Sacramento, and was accessible from both streets.[1] For the purpose of constructing a freeway in the vicinity the state condemned a small triangular parcel on the corner of defendants' property and closed Clay Street, so that defendants' property was thereafter accessible only from Soule Street. Soule was made to terminate in a cul-de-sac at the freeway boundary, with a turnaround in front of defendants' property. The "before" and "after" conditions appear on the following diagrams of the area.

The freeway constructed by the state runs east and west. The triangular parcel, 3-A, consisting of 1,159 square feet at the northerly tip of defendants' property, was taken in fee for the freeway right-of-way. Over Parcel 3-

---

[1]The property consisted of two contiguous lots, one vacant and the other improved with an apartment building. The trial court's ruling that the two lots comprised a single parcel is not attacked.

BEFORE

PARCEL NO. 3-A
1,159±sq.ft.

PARCEL NO. 3-B
Easement 2,565±sq ft.

WEST

EAST

WILLIAM RAMOS

VACANT LOT

CLAY ST.

SOULE ST.

APARTMENT BLDG.

PARKING AREA

AFTER

WEST

EAST

VACANT LOT

SOULE ST.

APARTMENT BLDG.

PARKING AREA

B, a 20-foot strip contiguous to Parcel 3-A, an easement was taken for the underground relocation and the servicing of public utility lines.

After the taking Parcel 3-A became part of the freeway and was bordered on the south by a chain link fence 6 feet high which marked the outer limits of the freeway right-of-way. The fence continued beyond the property taken from defendants and completely eliminated Clay Street which formerly bordered defendants' property along its northwesterly boundary.

On appeal, defendants attack the trial court's ruling that as a matter of law Parcel 3-A was not taken for the construction of the freeway itself and that therefore the partial loss of access to their property is not compensable as an element of severance damages.

In *People* v. *Symons* (1960) 54 Cal.2d 855 [9 Cal.Rptr. 363, 357 P.2d 451], Sutton Street, on which defendants' home fronted, was terminated at the boundary of a new freeway which adjoined defendants' property, and a portion of defendants' lot was taken to make the street termination into a cul-de-sac and provide a turnaround area. The freeway was not constructed on the defendants' property, but on that of adjoining landowners. In holding that defendants were not entitled to severance damages by reason of the freeway construction, we stated that (54 Cal.2d at p. 860) "It is established that when a public improvement is made on property adjoining that of one who claims to be damaged by such general factors as change of neighborhood, noise, dust, change of view, diminished access and other factors similar to the damages claimed in the instant case, there can be no recovery where there has been no actual taking or severance of the claimant's property. [Citations.] Accordingly, in the case at bar, had the parcel for the cul-de-sac not been taken, the defendant would not be entitiled to recovery based on the general diminished property values due to the construction of the freeway on adjoining property. It is manifest, then, that the crucial question here is whether the defendants, whose property was taken for *purposes other than the construction of the freeway itself,* are entitled to compensation, as severance damages, for those impediments to the property resulting from the objectionable features caused by the *maintenance and operation of the freeway proper* on lands other than those taken from the defendants." (Italics added.) (See also *People* ex rel. *Dept. of Public Works* v. *Wasserman* (1966) 240 Cal.App.2d 716, 723-727 [50 Cal.Rptr. 95], in which the *Symons* rule was applied to similar facts.)

■ In the present case however, Parcel 3-A of the defendants' property was taken for use as a part of the freeway itself, and the chain link fence was constructed on it. Although Parcel 3-A was not used for the paved portion of the freeway, but for a dirt strip or shoulder paralleling the traffic lanes, it was taken as a part of the freeway right-of-way, and the fence was placed on it to act as a physical barrier to the limited access freeway. Accordingly, the rule of the *Symons* case is not applicable, and the trial court's contrary ruling was in error.[2]

The judgment and orders appealed from are reversed insofar as they fix

---

[2]Any implications found in *People* ex rel. *Dept. of Public Works* v. *Elsmore* (1964) 229 Cal.App.2d 809 [40 Cal.Rptr. 613], contrary to the views we express today must be deemed disapproved.

the compensation to be paid to defendants, but affirmed otherwise. Defendants to recover costs on appeal.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.