[No. 358-41852-3. Division Three. June 10, 1971.]

THE CITY OF YAKIMA, *Respondent,* v. LLOYD DAHLIN *et al.. Petitioners.*

*Robert F. Brachtenbach* (of *Felthous, Brachtenbach, Peters & Schmalz*), for petitioners.

*John S. Moore* (of *Velikanje, Moore, Countryman & Shore*), for respondent.

---

GREEN, J.—This is a condemnation proceeding. The Supreme Court granted a joint petition for writ of certiorari. The matter was then assigned to this court. Two rulings of the trial court are questioned. Since oral argument, counsel for both parties have informed this court that one of the issues has been resolved.

The remaining issue is:

Can alleged excessive traffic noise resulting from the proposed construction of an overpass be considered as a factor affecting the highest and best use of abutting property and thus its market value?

The trial judge answered "Yes." We affirm in the special circumstances of this case.

This matter comes before us on an agreed statement of facts. Respondents, Lloyd Dahlin and David Clevenger, own the east half of a block lying between Lincoln Avenue on the north, B Street on the south, and Second Avenue on the east in Yakima. B Street and Lincoln Avenue run in a general east-west direction. A large warehouse building is located on the south end of this property and another warehouse building is situated on the north end. The issue involved relates to the warehouse building on the south that abuts B Street. B Street consists of a parking lane and three eastbound traffic lanes. There is a 14-foot 3-inch sidewalk area between the south wall of the warehouse building and B Street. The building is rented to L. P. Michelsen Company.

The city of Yakima proposes to construct an overpass on B Street for a distance of about six blocks. On each end of the overpass, concrete ramps with solid concrete walls rising gradually to a height of approximately 20 feet will be constructed. Upon completion of this overpass project, the sidewalk and parking lane adjacent to respondents' warehouse building will be destroyed. Further, immediately abutting the south wall of the building at ground level will be a 1½ foot curb, a 14-foot 1-way traffic lane and then the solid concrete ramp wall which immediately south of the southeast corner of the building will be 20 feet in height,

gradually reducing in height to 11 feet immediately south of the southwest corner of the building (excluding guard rails).

Following pretrial conferences, an order was entered setting forth the factors that could be considered in determining damages. With respect to these factors, the respondents on the morning of the trial made the following offer of proof:

> [T]he changes contemplated would create such excessive and oppressive ground-level traffic noise as to prevent use of the Michelsen office area for that purpose; the construction of the solid concrete ramp wall, 15 feet 6 inches south of the south wall of the Michelsen office area, and the moving of ground-level westbound traffic to within 1-½ feet of that south wall (in place of the existing sidewalk) will create a sound amplification that will completely prevent the use of the Michelsen office area as such; an accoustical engineer would testify that the nearby ramp wall will cause a reverberant buildup of noise to such an extent that the noise level within the office will be "intolerable"; that such situation cannot be remedied by leaving the office in that location; that if an office is to be within the building, it will have to be elsewhere, thereby creating a cost-of-cure factor; that such will adversely affect the highest and best use of the property and its market value.

The motion of the city of Yakima that evidence of oppressive noise be eliminated from consideration by the jury was denied. This proceeding was then commenced.

■ The instant case does not involve a physical taking of respondent's property. This fact does not prevent an award for damages under article 1, section 16, of the Washington Constitution (amendment 9). Generally, compensation is not allowed in such circumstance where the injury or damage is one suffered in common with the general public. On the other hand, where the injury or damage is special or peculiar to the particular property involved and not such as is common to all the property in the neighborhood, compensation may be allowed not as a distinct element of damage, but only as it may affect the market value

of the property. The measure of damages is the difference between the fair market value before and after the infliction of the damage. These general principles have been applied to cases involving oppressive noise. 4 Nichols, The Law of Eminent Domain §§ 14.1, 14.24 (3d ed. 1962); 29A C.J.S. *Eminent Domain* § 171 (1965); 27 Am. Jur. 2d *Eminent Domain* § 327 at 152 (1966).

Neither party has cited a case from this state that is factually in point; we have found none. Petitioner relies upon *Smith v. St. P., M. & M. Ry.*, 39 Wash. 355, 81 P. 840 (1905); *DeKay v. North Yakima & Valley Ry.*, 71 Wash. 648, 129 P. 574 (1913); *Taylor v. Chicago, M. & St. P. Ry.*, 85 Wash. 592, 148 P. 887 (1915); *Campbell v. Arkansas State Highway Comm'n*, 38 S.W.2d 753 (Ark. 1931); *Arkansas State Highway Comm'n v. Kesner*, 388 S.W.2d 905 (Ark. 1965); *State ex rel. Highway Comm'n v. Galeener*, 402 S.W.2d 336 (Mo. 1966); *People ex rel. Dept. of Pub. Works v. Presley*, 239 Cal. App. 2d 309, 48 Cal. Rptr. 672 (1966); and Practising Law Institute, *Real Estate Valuation in Condemnation* at 29 (1970). These references recognize the general principle that where the injury is in common to all the property in the neighborhood the injury is not compensable. This is in keeping with the general rule recognized elsewhere and referred to above.

Respondent contends that noise as a factor in the recovery of damages in a condemnation proceeding has not been rejected in Washington. We agree. In *Brady v. Tacoma*, 145 Wash. 351, 259 P. 1089 (1927), the court although denying damages for noise as a compensable factor in that particular case, nevertheless, recognized that compensation could be allowed where the noise was material, substantial and unreasonable. An inverse condemnation action for damages was allowed to proceed based upon the noise of jet aircraft during takeoff and landing at the Seattle-Tacoma Airport because of the interference with the landowner's use and enjoyment of his property. *Martin v. Port of Seattle*, 64 Wn.2d 309, 391 P.2d 540 (1964); *cf. Ackerman v. Port of Seattle*, 55 Wn.2d 400, 348 P.2d 664 (1960). These cases

indicate our Supreme Court will allow damages resulting from noise in special circumstances.

We believe the ramp to be constructed in this case may create an echo chamber for 1-way traffic immediately adjacent to the south end of respondent's warehouse and may thereby materially affect the fair market value of respondent's property. This is a special damage differing in kind from the damage sustained by other properties due to the improvement in question. In this situation the jury may consider noise as a factor, if it is a factor, in determining the before and after fair market values of respondent's property. It is not, however, to be singled out separate and apart from all of the other relevant factors in the determination of the market values.

For the foregoing reasons, the order of the trial court is affirmed.

MUNSON, C.J., and EVANS, J., concur.