[Civ. No. 40908. First Dist., Div. Three. Jan. 4, 1978.]

PEERLESS STAGES, INC., Plaintiff and Appellant, v.
SANTA CLARA COUNTY TRANSIT DISTRICT, et al.,
Defendants and Respondents.

504

## COUNSEL

Anastasi & Vogel, Bernard J. Vogel, Jr., and Phillip J. Nielsen for Plaintiff and Appellant.

Selby Brown, Jr., County Counsel, and Herbert L. Keaton, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**KING, J.**\*—Appellant Peerless Stages filed a complaint for injunctive relief against respondent Santa Clara County Transit District and its director. Pursuant to stipulation, a first amended complaint was filed adding causes of action for damages and fraud. After trial by the court without a jury, judgment was entered for respondents and this appeal followed. Appellant is a bus company operating in Northern California. Prior to December 31, 1972, it was divided into five divisions: The Oakland Division, the Santa Clara County Division, Santa Cruz County Division, Palo Alto Division and the Charter Division. The Santa Clara County Division operated wholly within Santa Clara County and, including the operations of this division, more than 40 percent of appellant's revenue vehicle miles were logged in Santa Clara County. As of the close of business on December 31, 1972, respondent purchased appellant's Santa Clara County Division and thereafter less than 40 percent of appellant's revenue vehicle miles were in Santa Clara County.

*Assigned by the Chairperson of the Judicial Council.

Respondent district was created by the Santa Clara County Transit District Act codified in section 100000 et seq. of the Public Utilities Code of the State of California in 1969.[1] The legislation authorized the district to acquire and operate bus lines "within or partly without" the county. (§ 100161.) However, it was precluded from operating in competition with an "existing system" until it had "completed the purchase of the existing system or any part thereof." (§§ 100055, 100055.1.)

An "existing system" is defined by section 100021 as follows: " 'Existing system' means any transit service or system of a publicly or privately owned public utility or division thereof operating entirely within Santa Clara County or at least 40 percent of whose revenue vehicle miles for the preceding calendar year were operated within the district but does not include a charter-party carrier or the charter service of a passenger stage corporation."

In mid-1973, respondent began transit service between San Jose and the BART station in Fremont in Southern Alameda County. Prior to this, at the time BART had begun running to Fremont, appellant had experienced adverse effects on its Oakland Division, which had a route from Oakland to San Jose, by way of Fremont, running both express and local service. When respondent's connection with the Fremont BART station occurred, appellant experienced a reduction in ridership and revenue leading to a reduction by appellant in its San Jose-Oakland service. The fare from Oakland to San Jose on the BART-Santa Clara County Transit District Lines was $1.30, whereas appellant's fare for the same route was $2.25.

The trial court found that appellant was not an "existing system" within section 100021 in mid-1973 when respondent began its connection with the Fremont BART station. The basis of the trial court's finding was that respondent, as it existed in 1973, was not a transit service or system or division thereof which operated entirely within Santa Clara County during the preceding year, nor was it a transit service or system or division thereof whose revenue vehicle miles for the preceding calendar year had been at least 40 percent within Santa Clara County. This finding, of course, is based upon the determination that appellant's Santa Clara Division had been sold to respondent in the preceding year (Dec. 31, 1972) and should not be included as part of appellant's system in 1973 when respondent began its service to the Fremont BART station.

---

[1]All statutory references herein are to the Public Utilities Code.

Appellant contends that the trial court erred because appellant as it existed in 1972, including its Santa Clara County Division, should have been the system considered. If this is correct, respondent would have been in violation of section 100055.1, in establishing their competing line to the Fremont BART station without first purchasing appellant.

■ This issue must be resolved by analysis of the code sections referred to above, since the issue is one of first impression. Necessarily, this analysis must consider the legislative intent. With no legislative history of these sections available, a determination is required of the Legislature's probable intent. It is evident that the legislation was designed to prescribe an easily measured demarcation between systems having a major presence within the critical geographic area served by the transit district (Santa Clara County) and systems only having an incidental or minor contact with that area. A system or division operating wholly within the county obviously fell within the statutory grouping. For one not "entirely within" the county, the Legislature, exercising its judgment, determined that the figure of 40 percent or more of a system or division's revenue vehicle miles within the proposed district was such a significant presence to require a purchase by the district. The statute makes clear that the Legislature was concerned with that minimum degree of presence at the time the competition commenced[2] and used the preceding year's revenue vehicle mileage referable to the geographic area of competition for convenience and to avoid difficulties of proof. (See § 100055.1.) There is nothing in the statute to support appellant's contention that the preceding year's corporate configuration should be the factor utilized in determining revenue vehicle mileage in the preceding year.[3]

Appellant argues that any reading of the statutes, other than its own, avoids the legislative intent by enabling the district to buy out only so much of an existing system as to put the remainder of that existing

---

[2]In reviewing the valid differences within legislation creating various transit districts throughout California as to the amount of presence required within a district to be an "existing system," it is clear that the Legislature carefully distinguishes each situation based upon the circumstances existing in that locale, including what other systems are operating there. (See *Peerless Stages, Inc. v. Santa Cruz Met. Transit Dist.* (1977) 67 Cal.App.3d 343, 346-347 [136 Cal.Rptr. 567].)

[3]Had there never been a connection between the Santa Clara Division and the rest of appellant's system, purchase of the Santa Clara Division would clearly have satisfied the statute. Competition with appellant's Oakland Division would have been permitted by the statute because appellant would not have had the required minimum of 40 percent of its revenue miles in Santa Clara County.

system outside of the statutory definition. However, the Legislature has clearly shown by section 100055.1 that it has such an intent by providing that the district could not establish service until it had completed purchase of the existing system *or any part thereof.* Clearly, an otherwise "existing system" could fall outside of the definition as a result of a partial purchase. Since appellant as it existed in 1973 was not an existing system within the statutory definition, there was no restriction imposed upon respondent which precluded establishment of the San Jose-Fremont run. Nothing in the act prevents competition between the district and a system which is not an existing system as defined in the act.

In light of this conclusion, appellant's other contentions need not be addressed.[4] The judgment of the trial court is affirmed.

Scott, Acting P. J., and Brown (I. A.), J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 2, 1978.

---

[4]One of appellant's other contentions should be commented upon. The trial court specifically found no fraud committed by respondent, and appellant contends this was error. The evidence appellant produced did not establish fraud as a matter of law. Therefore we must accept the finding of the trial court, as the trier of fact, that appellant did not sustain its burden of proof on this issue.

*Assigned by the Chairperson of the Judicial Council.