[Civ. No. 29781. Fourth Dist., Div. Two. Aug. 20, 1984.]

EDWARD H. HARDING et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA ex rel.
DEPARTMENT OF TRANSPORTATION, Defendant and Respondent.

COUNSEL

Jerome D. Stark and Susan A. Blush for Plaintiffs and Appellants.

Robert F. Carlson, Joseph A. Montoya, Robert L. Meyer, Carol Quan and Ray M. Steele for Defendant and Respondent.

OPINION

**MORRIS, P. J.**—Appeal from an order granting summary judgment and dismissal.

FACTS

In 1956, defendant Department of Transportation acquired by condemnation a strip of land in Riverside County (Parcel 11), together with any

abutter's rights, for the construction of a highway, route 71. In 1971, plaintiffs purchased as a retirement home a residential lot separated by about 40 feet from the Parcel 11. In 1978, defendant widened the freeway right-of-way by purchasing several parcels, including the parcel which had separated the plaintiffs' property from Parcel 11 so that the southwest corner of plaintiffs' lot adjoined the 1978 right-of-way boundary. In 1979, defendant began construction of Interstate 15 by increasing the grade of the highway by 23 feet directly in front of plaintiffs' property. The embankment, a noise attenuation barrier, was directly in front of plaintiffs' house and cut off plaintiffs' view of Lake Elsinore and the Ortega Mountains beyond.

Plaintiffs' complaint (second amended) sought damages in an action for inverse condemnation, nuisance and violation of civil rights. A demurrer was sustained without leave to amend as to the second and third causes of action. Subsequently, defendant's motion for summary judgment was granted as to the first cause of action in inverse condemnation, and a judgment of dismissal was entered. Plaintiffs have appealed.

## NUISANCE

■ On appeal, plaintiffs contend the complaint stated a cause of action for nuisance. Plaintiffs' complaint alleged that the 23-foot embankment resulted in a loss of air, causing temperatures in plaintiffs' home to increase and making it untenable as a residential property. The complaint also alleged loss of light resulting in a loss of plaintiffs' vegetable garden and alleged damage due to dust, dirt, straw and highway debris which caused respiratory problems for plaintiffs, and further damage due to noise from the freeway.

■ It is true that anything which interferes with the free use and enjoyment of property, including such things as dust and noise, may constitute a nuisance. (Civ. Code, § 3479, *Venuto* v. *Owens-Corning Fiberglas Corp.* (1971) 22 Cal.App.3d 116, 126 [99 Cal.Rptr. 350].) ■ However, Civil Code section 3482 states that, "Nothing which is done or maintained under express authority of a statute can be deemed a nuisance." Streets and Highways Code section 90 et seq. gives the state authority to construct and maintain the highways, and Streets and Highways Code section 215.5 expressly authorizes the state to construct noise attenuation barriers. The case of *Lombardy* v. *Peter Kiewit Sons' Co.* (1968) 266 Cal.App.2d 599 [72 Cal.Rptr. 240], disapproved on another point in *Southern Cal. Edison Co.* v. *Bougerie* (1973) 9 Cal.3d 169, 175 [107 Cal.Rptr. 76, 507 P.2d 964], held that although the "roar of automobiles . . . smoke and fumes . . . contribute to a loss of peace and quiet," the conditions occurring on state

constructed highways do not constitute a nuisance in the legal sense due to the exculpatory effect of Civil Code section 3482. (*Id.*, at p. 605.)

Plaintiffs cite *Varjabedian* v. *City of Madera* (1977) 20 Cal.3d 285 [142 Cal.Rptr. 429, 572 P.2d 43] in which plaintiffs brought an action for damages caused by odors emanating from a sewage plant. *Varjabedian* held that although a city was authorized by statute to construct sewage plants, the statute did not *expressly* authorize the odors emanating from the plant[1] and thus it constituted a nuisance. Presumably, because dust and debris are not expressly authorized by the Streets and Highways Code, plaintiffs would have us find that they constitute a nuisance. Although *Varjabedian* distinguished *Lombardy*, it did so on the basis of the *Hassel* test which requires particularized inquiry into each statute to determine whether the Legislature intended to sanction the nuisance and found that the *Lombardy* analysis of the highway construction statute was not applicable to municipal water treatment operations. (*Varjabedian*, *supra*, at p. 291; accord, *Greater Westchester Homeowners Assn.* v. *City of Los Angeles* (1979) 26 Cal.3d 86, 102 [160 Cal.Rptr. 733, 603 P.2d 1329] [*Lombardy* analysis not applied in airport noise context].)

When a public entity is authorized by statute to construct and maintain a facility and there is no evidence that the action was done in an unreasonable manner or is unreasonably noisy or dirty, no cause of action for nuisance exists. (Cf. *Orpheum Bldg. Co.* v. *San Francisco Bay Area Rapid Transit Dist.* (1978) 80 Cal.App.3d 863, 876 [146 Cal.Rptr. 5].)

### INVERSE CONDEMNATION

■ Plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment, in which defendants contended that plaintiffs could not, as a matter of law, maintain an action for inverse condemnation.

■ "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. ■ The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial.

---

[1]*Hassel* v. *San Francisco* (1938) 11 Cal.2d 168, 171 [78 P.2d 1021] required that "'A statutory sanction cannot be pleaded in justification of acts which by the general rules of law constitute a nuisance, unless the acts complained of are authorized by the express terms of the statute . . . so that it can be fairly stated that the legislature contemplated the doing of the very act which occasions the injury.'"

. . . [t]he affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts." (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].)

In opposition to the motion for summary judgment, plaintiffs' moving papers detailed loss of light and air on their property due to the construction of the embankment, deposit of dust and debris on their property due to its proximity to the freeway, and disturbance because of the noise of the highway. In support of the motion for summary judgment, defendant stated that only abutters have a cause of action for the loss of view, light and air and presented declarations that all abutter's rights were acquired in the 1956 condemnation action.

However, the 1956 action condemned Parcel 11 and acquired abutter's rights to it only. Plaintiffs' property does not abut on Parcel 11; there was a 40-foot strip left between plaintiffs' property and Parcel 11. The corner of plaintiffs' property touches on the right-of-way acquired by defendant in 1978. No new abutter's rights were purchased at that time.

Defendant also contends that although the southwest corner of plaintiffs' lot coincides with the 1978 right-of-way boundary, a corner point has no width, therefore, plaintiffs' property does not abut the freeway. Defendant cites us no authority, however, and we decline to hold that an "abutting" owner's property must have a minimum number of feet or inches fronting on the highway. "Abutting owners" ordinarily refers to those whose land actually adjoins the land at *some point,* although it is sometimes used loosely without implying more than a close proximity. (*State* v. *Fuller* (Tex. 1966) 407 S.W.2d 215, 220.)

Defendant also contends that because no portion of plaintiffs' lot was *taken* for the freeway widening, plaintiffs have no abutters' rights and thus have not raised a triable issue of fact with respect to inverse condemnation.

However, an action in inverse condemnation has its basis in the California Constitution, article I, section 19, which requires payment of just compensation when private property is taken *or damaged* for public use. No taking is required, rather, an action for inverse condemnation requires an invasion of property which directly, substantially, and peculiarly burdens

plaintiff to his detriment. (*Selby Realty Co.* v. *City of San Buenaventura* (1973) 10 Cal.3d 110, 119-120 [109 Cal.Rptr. 799, 514 P.2d 111].)

Whether or not the purchase of the right-of-way in 1978 gave rise to abutter's rights in plaintiffs absent a taking, that purchase certainly created a burden exceptionally peculiar to plaintiffs by raising a 23-foot dirt embankment directly in front of plaintiffs' property. Plaintiffs' complaint stated that the prevailing winds collect all of the flotsam of the freeway and deposit it on plaintiffs' property, this being the first open area along the easterly side of the embankment, and that plaintiffs are subjected to dirt, dust, debris and noise, and have lost their access to air and light and view, all making their property virtually untenable.

Although recognizing that "all householders in the vicinity of crowded freeways" suffer from noise, smoke and fumes (*Lombardy* v. *Peter Keiwit Sons' Co., supra,* 266 Cal.App.2d at p. 605), the early cases deny compensation for a dimunition in value due to noise, dust and discomfort produced by a nearby highway when the highway was not located on land previously taken from the claimant. (*Lombardy, supra,* at p. 605; *People* v. *Symons* (1960) 54 Cal.2d 855, 859 [9 Cal.Rptr. 363, 357 P.2d 451].)

More recent cases have placed less emphasis on whether part of the freeway actually passes over or was located on claimant's land and more emphasis on the actual harm suffered. (*People* ex rel. *Dept. of Pub. Wks.* v. *Ramos* (1969) 1 Cal.3d 261 [81 Cal.Rptr. 792, 460 P.2d 992]; see also *Goycoolea* v. *City of Los Angeles* (1962) 207 Cal.App.2d 729 [24 Cal.Rptr. 719] [granting inverse condemnation judgment absent a taking for loss of light, air and view due to change in street on which landowner's property abuts].) In *People* ex rel. *Dept. Pub. Wks.* v. *Volunteers of America* (1971) 21 Cal.App.3d 111 [98 Cal.Rptr. 423, 51 A.L.R.3d 844], although some of the claimant's land was taken, the court stated that the taking requirement was, at best, arbitrary and that it was "obvious that adjacent property is damaged to the same degree by the detrimental factors of a freeway whether no property is taken, . . . or whether a substantial portion of the property is taken . . . ." (*Id.,* at pp. 127-128.)

Thus, although the courts have recognized that the taking or abutting requirements yield incongruous, nonsensical results in many cases the "prevailing rules of proximity damages [have been] not the logic of distance but the accident of location of the injury-producing activity." (Van Alstyne, *Just Compensation of Intangible Detriment: Criteria for Legislative Modifications in California* (1969) 16 UCLA L.Rev. 491, 505.)

The courts have recently rejected requirements of direct overflight (a requirement analogous to the physical taking requirement of the highway cases) for inverse condemnation for airport noise. In *Aaron* v. *City of Los Angeles* (1974) 40 Cal.App.3d 471, 483-484 [115 Cal.Rptr. 162], the court stated: "The municipal owner and operator of an airport is liable for a taking or damaging of property when the owner of property in the vicinity of the airport can show a measurable reduction in market value resulting from the operation of the airport in such manner that the noise from aircraft using the airport causes a substantial interference with the use and enjoyment of the property, and the interference is sufficiently direct and sufficiently peculiar that the owner, if uncompensated, would pay more than his proper share to the public undertaking."

The *Aaron* court distinguished highway cases on the basis that the noise from an airport is significantly greater than that emanating from freeways. The court found that, based on a study which measured noise levels surrounding airports, there had been substantial interference with plaintiffs' property rights which fit into the provision of the California Constitution requiring compensation for a taking or damage of property.

Courts in other states have applied the principle enunciated in the airport cases to highway cases. Washington courts have held that the lack of physical taking does not prevent an award for damages under the Washington Constitution which allows compensation whenever property is taken or damaged, as does article I, section 19 of the California Constitution. In *City of Yakima* v. *Dahlin* (1971) 5 Wn.App. 129 [485 P.2d 628], the city sought to secure property for an overpass which would require construction of a 20-foot concrete wall within 20 feet of Dahlin's property. A traffic lane would be constructed in the intervening area. The court found that generally, absent a physical taking of property, compensation is not allowed in condemnation proceedings if the injury or damage is one suffered in common with the general public. However, if injury or damage is special or peculiar to the particular property involved, and not such as is common to all property in the neighborhood, compensation may be allowed but only as it may affect the market value of the property. The court found that even though there was no appropriation of property, construction of the overpass would create an echo chamber that would elevate noise levels on Dahlin's property to an intolerable degree.

The California Supreme Court has held that noxious odors emanating from a sewage treatment plant 600 feet from a plaintiff's property may cause a taking or damaging of property. The court in *Varjabedian* v. *City of Madera, supra,* 20 Cal.3d 285, held that the trial court improperly dis-

missed plaintiff's complaint for inverse condemnation where plaintiffs alleged a recurring violation of property by a gaseous effluent and that their land was directly in the path of odors as blown by prevailing winds from the sewage facility and thus was untenable for residential purposes. Based on these allegations, plaintiffs should have been given an opportunity to establish their property suffered a direct, peculiar and substantial burden as a result of recurring odors produced by the sewage facility.

Thus, California courts have extended the peculiar and substantial burden standard to airport noise cases and noxious odor cases. Both these classes of cases at one time required physical taking before compensation was allowed. People suffering damages from their proximity to a highway should not be unequally required to allege and prove a physical invasion (see Comment, *The Highway Cases: Noise as a Taking or Damaging of Property in California* (1980) 20 Santa Clara L.Rev. 425).

■ Plaintiffs in this case have alleged unique damage to their property from dust, debris and highway noise. As the court held in *Varjabedian,* they should be allowed to establish that they suffered a peculiar and substantial burden as a result of their proximity to the highway. The substantiality of the interference may be determined by use of modern measurement techniques as in airport noise cases or by testimony regarding the actual physical invasion of their property by dust and debris as in *Varjabedian.* Thus, compensation must be rationally related to the degree of harm suffered and will not be dependent upon an arbitrary standard that is tied to a physical appropriation or chance location of plaintiffs' property.

■ ■ The judgment dismissing the nuisance cause of action is affirmed and the summary judgment as to the cause of action for inverse condemnation is reversed.

Kaufman, J., and McDaniel, J., concurred.

A petition for a rehearing was denied September 10, 1984, and respondent's petition for a hearing by the Supreme Court was denied October 25, 1984. Kaus, J., did not participate therein. Lucas, J., was of the opinion that the petition should be granted.